Jeffery J. Oven
Mark L. Stermitz
Jeffrey M. Roth
CROWLEY FLECK PLLP
490 North 31st Street, Ste. 500
P.O. Box 2529
Billings, MT 59103-2529
Telephone: 406-252-3441
Email: joven@crowleyfleck.com
    mstermitz@crowleyfleck.com
    jroth@crowleyfleck.com

*Counsel for TransCanada Keystone Pipeline, LP and TC Energy Corporation*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION**

| | |
|---|---|
| NORTHERN PLAINS RESOURCE COUNCIL, BOLD ALLIANCE, NATURAL RESOURCES DEFENSE COUNCIL, SIERRA CLUB, CENTER FOR BIOLOGICAL DIVERSITY, and FRIENDS OF THE EARTH,<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES ARMY CORPS OF ENGINEERS and LT. GENERAL TODD T. SEMONITE (in his official capacity as U.S. Army Chief of Engineers and Commanding General of the U.S. Army Chief of Engineers),<br><br>Defendants. | CV 19-44-GF-BMM<br><br>**MEMORANDUM IN SUPPORT OF UNOPPOSESD MOTION BY TRANSCANADA KEYSTONE PIPELINE, LP AND TC ENERGY CORPORATION TO INTERVENE IN SUPPORT OF DEFENDANTS** |

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ....................................................................................... ii

FACTUAL BACKGROUND ....................................................................................... 2

    I.    History of TC Energy's Proposed Keystone XL Pipeline and the Administrative Processes for Permitting the Keystone XL Pipeline ... 2

    II.    Plaintiffs' Claims ............................................................................... 4

ARGUMENT ................................................................................................................ 5

    I.    TC Energy Should Be Allowed To Intervene as Matter of Right To Defend Its Interests in Keystone XL ..................................................... 5

        A.    This Motion Is Timely ............................................................... 6

        B.    TC Energy Has Legally Protected Interests at Stake ................. 7

        C.    Disposition of This Case May Impair TC Energy's Ability To Protect Its Interest ..................................................................... 9

        D.    The Federal Defendants Cannot Adequately Represent TC Energy's Interests ................................................................... 10

    II.    Alternatively, TC Energy Should Be Permitted to Intervene Under Rule 24(b)(1)(B) ................................................................................. 11

CONCLUSION .......................................................................................................... 13

# TABLE OF AUTHORITIES

                                                     **Page(s)**

**Cases**

*Animal Prot. Instit. of Am. v. Mosbacher*,
   799 F. Supp. 173 (D.D.C. 1992) ............................................................... 8

*Californians for Safe & Competitive Dump Truck Transp. v. Mendonca*,
   152 F.3d 1184 (9th Cir. 1998) ................................................................ 11

*Citizens for Balanced Use v. Mont. Wilderness Ass'n*,
   647 F.3d 893 (9th Cir. 2011) ............................................................ 10, 11

*In re Estate of Ferdinand E. Marcos Human Rights Litig.*,
   536 F.3d 980 (9th Cir. 2008) ................................................................... 6

*Freedom from Religion Found., Inc. v. Geithner*,
   644 F.3d 836 (9th Cir. 2011) ................................................................. 11

*Idaho Farm Bureau Fed'n v. Babbitt*,
   58 F.3d 1392 (9th Cir. 1995) ............................................................. 6, 12

*Indigenous Envtl. Network v. U.S. Dep't of State*,
   317 F. Supp. 3d 1118 (D. Mont. 2018) .................................................... 2

*Indigenous Envtl. Network v. U.S. Dep't of State*,
   No. 4:17-cv-00029-BMM (D. Mont. May 25, 2017) .............................. 8

*Lujan v. Defs. of Wildlife*,
   504 U.S. 555 (1992) ................................................................................ 9

*N. Plains Res. Council v. Shannon*,
   No. 4:17-cv-00031-BMM (D. Mont. Apr. 27, 2017) .............................. 8

*Nat. Res. Def. Council v. U.S. Dep't of State*,
   658 F. Supp. 2d 105 (D.D.C. 2009) ........................................................ 8

*Perry v. Schwarzenegger*,
   630 F.3d 898 (9th Cir. 2011) ................................................................... 9

*Rosebud Sioux Tribe v. U.S. Dep't of State*,
  No. 4:18-cv-00118-BMM (D. Mont. Dec. 11, 2018) .............................................. 8

*Sierra Club v. EPA*,
  995 F.2d 1478 (9th Cir. 1993), *abrogated by Wilderness Soc'y v.
  U.S. Forest Serv.*, 630 F.3d 1173 (9th Cir. 2011) ................................................. 7

*Sisseton-Wahpeton Oyate v. U.S. Dep't of State*,
  659 F. Supp. 2d 1071 (D.S.D. 2009) .................................................................... 8

*Sw. Ctr. for Biological Diversity v. Berg*,
  268 F.3d 810 (9th Cir. 2001) .................................................................. 7, 10, 11

*United States v. City of Los Angeles*,
  288 F.3d 391 (9th Cir. 2002) .................................................................... 6, 7, 12

*Venegas v. Skaggs*,
  867 F.2d 527 (9th Cir. 1989) ......................................................................... 11, 12

**Other Authorities**

Fed. R. Civ. P. 24 ................................................................................... 5, 12, 13

TransCanada Keystone Pipeline, LP ("Keystone") and TC Energy Corporation (collectively "TC Energy") hereby respectfully move for leave to intervene as of right pursuant to Federal Rule of Civil Procedure 24(a)(2) or, alternatively, to intervene permissively pursuant to Federal Rule of Civil Procedure 24(b)(1)(B). The Northern Plains Resource Council, Bold Alliance, Natural Resources Defense Council, Sierra Club, Center for Biological Diversity, and Friends of the Earth ("Plaintiffs") claim that the Federal Defendants violated the Administrative Procedure Act ("APA"), National Environmental Policy Act ("NEPA"), and Clean Water Act in issuing Nationwide Permit 12 and verifying that the Keystone XL Pipeline project ("Keystone XL") may rely on Nationwide Permit 12 for certain construction activities. This is the fifth case in this Court challenging the Keystone XL Pipeline. *See Indigenous Envtl. Network v. U.S. Dep't of State*, No. 4:17-cv-00029-BMM (D. Mont.); *N. Plains Res. Council v. Shannon*, No. 4:17-cv-00031-BMM (D. Mont.); *Rosebud Sioux Tribe v. U.S. Dep't of State*, No. 4:18-cv-00118-BMM (D. Mont.); *Indigenous Envtl. Network v. Trump*, No. 4:19-cv-00028-BMM (D. Mont.). This Court granted TC Energy's motion to intervene in the four previously filed matters. Because Plaintiffs are seeking to enjoin the Army Corps of Engineers from authorizing construction of TC Energy's Keystone XL Pipeline, TC Energy should be permitted to intervene and defend its substantial interests in completing the Keystone XL Pipeline.

# FACTUAL BACKGROUND

This case concerns TC Energy's proposal to construct, maintain and operate the Keystone XL Pipeline ("Keystone XL" or "the Project"), a critical infrastructure project that will provide economic strength and energy security for the United States. A recitation of the facts of this matter can be found in the several rulings by this Court that led to this Court's partial order on summary judgment. *See Indigenous Envtl. Network v. U.S. Dep't of State*, 317 F. Supp. 3d 1118, 1119–20 (D. Mont. 2018).

## I. History of TC Energy's Proposed Keystone XL Pipeline and the Administrative Processes for Permitting the Keystone XL Pipeline

As this Court is aware, TC Energy first applied for a Presidential Permit for Keystone XL in September of 2008, but over the next seven years, the State Department twice denied the permit applications.[1] TC Energy accepted President Trump's invitation to re-apply in January 2017, and on March 23, 2017, State issued a Record of Decision and National Interest Determination ("ROD/NID") finding that issuance of the Presidential Permit would serve the national interest of the United States.[2]

---

[1] Compl. ¶¶ 30-36.

[2] Compl. ¶¶ 37-39.

In litigation brought by these and other plaintiffs, this Court vacated the 2017 ROD/NID, which it found was issued in violation of the Administrative Procedure Act ("APA"), the National Environmental Protection Act ("NEPA"), and the Endangered Species Act ("ESA").[3] This Court also remanded the matter to State to supplement its NEPA analysis and better explain some of the reasoning in the ROD/NID, and it enjoined TC Energy from engaging in construction and certain pre-construction activities.[4] TC Energy and the Federal Defendants appealed those rulings.[5]

While that appeal was pending, President Trump on March 29, 2019 formally revoked the permit issued by State in 2017, and personally signed a new Presidential Permit.[6] This new Permit authorizes TC Energy "to construct, connect, operate, and maintain pipeline facilities at the international border of the

---

[3] Compl. ¶¶ 43-47; *see also Indigenous Envtl. Network v. U.S. Dep't of State*, No. 4:17-cv-00029-BMM (D. Mont.) ("*IEN*"), Dkt. 99, at 3-4. *IEN*, Dkt. 218, at 50-54.

[4] Compl. ¶ 44; *see also IEN*, Dkts. 218, 219, 231, 252. This Court entered the same relief in *Northern Plains Resource Council v. U.S. Department of State*, No. 4:17-cv-00031-BMM, which, until entry of judgment, was consolidated with *IEN* in this Court, and was consolidated with *IEN* in the Ninth Circuit.

[5] *See IEN v. U.S. Dep't of State*, No. 18-36068, consolidated with Nos. 18-36069, 19-35036, 19-35064, 19-35099 (9th Cir.).

[6] Compl. ¶ 48.

the United States and Canada at Phillips County, Montana, for the import of oil from Canada to the United States."[7]

Though the 2019 Permit authorizes pipeline facilities at the US-Canada border, TC Energy must also secure rights-of-way from the US Bureau of Land Management and Clean Water Act permits from the US Army Corps of Engineers. Those processes are ongoing.

## II. Plaintiffs' Claims

Plaintiffs filed suit against the United States Army Corps of Engineers to challenge alleged verifications that TC Energy may avail itself of Nationwide Permit 12 for compliance with Clean Water Act requirements for certain Keystone XL construction activities. Plaintiffs allege three claims for relief, asserting that Federal Defendants violated: (1) the APA and NEPA in reissuing Nationwide Permit 12 without adequately analyzing the environmental impacts of such action (Compl. ¶¶ 139-45); (2) the APA and Clean Water Act by failing to ensure the qualifying projects covered by Nationwide Permit 12 have a minimal adverse effect on the environment (Compl. ¶¶ 146-53); and (3) the APA and Clean Water Act for issuing verifications for Keystone XL authorizing portions of the project to

---

[7] Presidential Permit 1 (Mar. 29, 2019), https://www.whitehouse.gov/presidential-actions/presidential-permit/

4

proceed under Nationwide Permit 12 without evaluating the project's environmental effects (Compl. ¶¶ 60-66). Plaintiffs seek declaratory and injunctive relief that would declare the Army Corps' verifications or other approvals of Keystone XL pursuant to Nationwide Permit 12 to be in violation of the APA and Clean Water Act and enjoin the Army Corps from authorizing construction of Keystone XL.

## ARGUMENT

TC Energy satisfies the legal standard to intervene as of right as well as for permissive intervention under Federal Rule of Civil Procedure 24 and Local Rule 24.1. Accordingly, this Court should grant TC Energy's motion in order for it to protect its interests at issue in this matter and to advocate for a favorable resolution of this case.[8]

### I. TC Energy Should Be Allowed To Intervene as Matter of Right To Defend Its Interests in Keystone XL

A party may intervene as a matter of right under Fed. R. Civ. P. 24(a)(2) upon demonstrating that "(1) it has a significant protectable interest relating to the property or transaction that is the subject of the action; (2) the disposition of the

---

[8] TC Energy respectfully requests that its deadline under Federal Rule of Civil Procedure 24(c) and Local Rule 24.1 for pleading or filing a dispositive motion be deferred until seven days after the date that such filing by the Federal Defendants is due.

action may, as a practical matter, impair or impede the applicant's ability to protect its interest; (3) the application is timely; and (4) the existing parties may not adequately represent the applicant's interest." *In re Estate of Ferdinand E. Marcos Human Rights Litig.*, 536 F.3d 980, 984 (9th Cir. 2008) (internal quotations and citation omitted). TC Energy satisfies these requirements.

### A. This Motion Is Timely

TC Energy's Motion is timely because it is seeking to intervene at the earliest stage of the litigation – well before Federal Defendants' deadline to respond to the complaint, which is approximately September 3, 2019.

Given the early stage of this legal action, TC Energy satisfies the timeliness requirement under Rule 24(a)(2). Courts have found intervention to be timely when proposed intervenors filed under similar, if not later, circumstances. *E.g., United States v. City of Los Angeles*, 288 F.3d 391, 398 (9th Cir. 2002) (noting that a timely motion to intervene was filed "only approximately one and [a] half months after the suit was filed"); *Idaho Farm Bureau Fed'n v. Babbitt*, 58 F.3d 1392, 1397 (9th Cir. 1995) (permitting a "very early" motion to intervene submitted four months after the filing of the action, two months after defendants had filed an answer and submitted the administrative record, and "before any hearings or rulings on substantive matters"). Moreover, intervention at this time

poses no prejudice to Plaintiffs because it will not unduly delay the proceedings in this matter.

B. **TC Energy Has Legally Protected Interests at Stake**

TC Energy and its subsidiary TransCanada Keystone Pipeline have made substantial financial investments in and acquired property and permitting rights to Keystone XL. Thus, they have substantial interests in this matter because Plaintiffs' complaint directly targets Keystone XL.

The Ninth Circuit explained that a movant for intervention has adequate interests in a suit where "the resolution of the plaintiff's claims actually will affect the applicant." *City of Los Angeles*, 288 F.3d at 398 (internal quotation marks and citations omitted). The interest test directs courts to make a practical, threshold inquiry, and is a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process. *See id.*

Courts routinely grant intervention to parties with property or other commercial interests that are the subject of another party's challenges to government action. *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 818-22 (9th Cir. 2001). Likewise, entities that obtain federal permits have protectable interests in defending against challenges to those permits. *See e.g., Sierra Club v. EPA*, 995 F.2d 1478, 1482 (9th Cir. 1993) (owner of a facility with a Clean Water

Act permit could intervene to defend against suit to invalidate the permit), *abrogated by Wilderness Soc'y v. U.S. Forest Serv.*, 630 F.3d 1173 (9th Cir. 2011); *Animal Prot. Instit. of Am. v. Mosbacher*, 799 F. Supp. 173, 175 (D.D.C. 1992) (aquarium with permit to import marine mammals intervened to defend against suit to invalidate the permit).

Under these precedents, TC Energy satisfies the substantial, protectable interests requirement. TC Energy has protectable interests in pursuing Keystone XL and defending its permits and other federal approvals

In four recent cases filed in this District involving challenges to Keystone XL's Presidential Permit, this Court granted TC Energy's motions to intervene. *See Indigenous Envtl. Network v. U.S. Dep't of State*, No. 4:17-cv-00029-BMM (D. Mont. May 25, 2017) (Order, Dkt. No. 37); *N. Plains Res. Council v. Shannon*, No. 4:17-cv-00031-BMM (D. Mont. Apr. 27, 2017) (Order, Dkt. No. 23); *Rosebud Sioux Tribe v. U.S. Dep't of State*, No. 4:18-cv-00118-BMM (D. Mont. Dec. 11, 2018) (Order, Dkt. No. 24); *Indigenous Envtl. Network v. Trump*, No. 4:19-cv-00028-BMM (D. Mont. July 9, 2019) (Order, Dkt. No. 25). Further, in two cases filed to challenge the Presidential Permit issued for the initial Keystone Pipeline, Keystone's entitlement to intervene was not disputed. *See Sisseton-Wahpeton Oyate v. U.S. Dep't of State*, 659 F. Supp. 2d 1071 (D.S.D. 2009); *Nat. Res. Def. Council v. U.S. Dep't of State*, 658 F. Supp. 2d 105 (D.D.C. 2009). Because

8

Plaintiffs' suit also challenges TC Energy's interest in Keystone XL, TC Energy's intervention here is proper.

Although the Ninth Circuit does not require an intervenor to demonstrate constitutional standing, *see Perry v. Schwarzenegger*, 630 F.3d 898, 906 (9th Cir. 2011), the above facts regarding TC Energy's substantial interest for intervention also show that TC Energy has Article III standing. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). TC Energy would suffer injury-in-fact if Plaintiffs succeed in obtaining the relief sought here. An injunction or other delay of Keystone XL would cause serious economic harm to TC Energy and that potential injury is best redressed by mounting a stalwart defense of Federal Defendants' actions regarding Keystone XL's Clean Water Act compliance.

### C. Disposition of This Case May Impair TC Energy's Ability To Protect Its Interest

The third intervention factor requires courts to consider whether an applicant for intervention is so situated "that the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect [its] interest." *Sw. Ctr. for Biological Diversity*, 268 F.3d at 817-18. TC Energy is clearly so situated. Plaintiffs seek to enjoin construction of Keystone XL and to prevent the Army Corps from verifying coverage under Nationwide Permit 12. If Plaintiffs prevail, this Court might enjoin construction of Keystone XL, thereby substantially jeopardizing the Project. Any relief of that nature would obviously impair TC

Energy's ability to recover on its investments and meet commercial demand for oil transportation service. Because Plaintiffs seek relief that would have direct, immediate and harmful impact on Keystone XL, TC Energy satisfies this element of Rule 24(a)(2). *See id.*

### D. The Federal Defendants Cannot Adequately Represent TC Energy's Interests

A putative intervenor only needs to show that representation of its interests by existing parties "'may be' inadequate" and that the burden of making that showing should be treated as minimal. *Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 898 (9th Cir. 2011). The Ninth Circuit has held that private entities may intervene when the government representation will not fully represent a private party's interest, even if the private entities and the government share the same ultimate objective. *See Sw. Ctr. for Biological Diversity*, 268 F.3d at 823. This rule reflects that "the government's representation of the public interest may not be identical to the individual parochial interest of a particular group just because both entities occupy the same posture in the litigation." *Citizens for Balanced Use*, 647 F.3d at 899 (internal quotation marks and citation omitted).

Federal Defendants cannot fully represent TC Energy because they necessarily will pursue a set of interests broader than TC Energy's interests in constructing and operating Keystone XL. Here, Federal Defendants are

administering various statutory responsibilities, and are charged by law with representing the public interest of the country. This interest is significantly different than TC Energy's "more narrow and 'parochial'" interest in constructing and operating energy infrastructure. *See Californians for Safe & Competitive Dump Truck Transp. v. Mendonca*, 152 F.3d 1184, 1190 (9th Cir. 1998) (distinguishing between the narrower and more parochial interest of intervenor and the broader interests of the public at large); *see also Sw. Ctr. for Biological Diversity*, 268 F.3d at 823-24. This difference is sufficient to justify intervention. *E.g., Californians for Safe & Competitive Dump Truck Transp.*, 152 F.3d at 1190.

## II. Alternatively, TC Energy Should Be Permitted to Intervene Under Rule 24(b)(1)(B)

In the alternative, the Court should allow TC Energy to intervene under Rule 24(b)(1)(B). Permissive intervention is appropriate when an intervenor satisfies three conditions: (1) it must show an independent ground for jurisdiction, (2) the motion must be timely, and (3) its claim or defense and the main action must have a question of law and fact in common. *See, e.g., Venegas v. Skaggs*, 867 F.2d 527, 529 (9th Cir. 1989).

First, because this is a federal question case and TC Energy does not seek to bring any counterclaims or cross-claims, the independent jurisdictional grounds requirement does not apply. *See, e.g., Freedom from Religion Found., Inc. v. Geithner*, 644 F.3d 836, 843 (9th Cir. 2011).

Second, as explained above, this application for intervention is timely, because it was filed shortly after Plaintiffs officially served the Complaint on the Federal Defendants. *See, e.g., City of Los Angeles*, 288 F.3d at 398 (motion was timely when filed "only" one and a half months after filing of suit); *Idaho Farm Bureau Fed'n*, 58 F.3d at 1397 (successful motion to intervene was submitted four months after the filing of the action, two months after defendants had filed an answer and submitted the administrative record, and "before any hearings or rulings on substantive matters").

Third, TC Energy's defenses share "common question[s]" of law and fact with Plaintiffs' suit. Fed. R. Civ. P. 24(b)(1)(B). Federal courts have permitted parties to intervene when their claims share only a single common question. *See, e.g., Venegas*, 867 F.2d at 530. Here, as in the other pending case in which TC Energy has been granted intervention, the questions that TC Energy would address are the same as those confronting Federal Defendants. And, as in the other pending matter, TC Energy would address the same factual questions faced by Federal Defendants because judicial review of this matter would involve the scope of authorization for Keystone XL under the Clean Water Act.

In respect to the legal issues, TC Energy seeks to defend against Plaintiffs' efforts to have this Court enjoin the Army Corps from authorizing construction of

Keystone XL. TC Energy's intervention, therefore, fully satisfies the requirements for permissive intervention under Rule 24(b)(1)(B).

Finally, TC Energy's intervention would not "unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). TC Energy seeks to address the same set of issues that Plaintiffs will present to this Court for resolution. Given TC Energy's request to participate in this matter at the current stage, its intervention will not delay any currently existing deadlines. As in past challenges to its federal permits, TC Energy's intervention will cause no delay. TC Energy has been participating extensively in the proceedings before the Federal Defendants, as well as in the ongoing litigation before this Court. Its continued participation would not proliferate different issues or cause any confusion or prejudice. Further, TC Energy pledges to abide by any scheduling deadlines agreed to by Plaintiffs and the Federal Defendants.

## CONCLUSION

WHEREFORE, TC Energy respectfully requests leave to intervene as of right in this matter as allowed by Federal Rule of Civil Procedure 24(a)(2). Alternatively, TC Energy respectfully requests leave for permissive intervention as provided by Federal Rule of Civil Procedure 24(b)(1)(B). TC Energy also respectfully requests that its time period for filing a responsive pleading or dispositive motion as intervenor be extended to allow for it to file its answer or

motion seven days after the deadline by which the Federal Defendants must file such pleading or motion.

DATED this 16th day of July 2019,

*(signature)*

Jeffery J. Oven
Mark L. Stermitz
Jeffrey M. Roth
CROWLEY FLECK PLLP
490 North 31st Street, Ste. 500
Billings, MT 59103-2529
Telephone: 406-252-3441
Email: joven@crowleyfleck.com
       mstermitz@crowleyfleck.com
       jroth@crowleyfleck.com
*Counsel for TransCanada Keystone Pipeline LP and TC Energy Corporation*

# CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(d)(2)(E), I certify that this brief is printed in 14-point font, double spaced, and contains 2,735 words, excluding tables, caption, signatures, and certificates of service and compliance.

*/s/ Jeffrey M. Roth*
Jeffrey M. Roth

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing will be served today via the Court's CM/ECF system on all counsel of record.

_____
Jeffrey M. Roth