# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
### GREAT FALLS DIVISION

NORTHERN PLAINS RESOURCE
COUNCIL, BOLD ALLIANCE,
NATURAL RESOURCES DEFENSE
COUNCIL, SIERRA CLUB, CENTER
FOR BIOLOGICAL DIVERSITY, and
FRIENDS OF THE EARTH,

      Plaintiffs,

      v.

U.S. ARMY CORPS OF ENGINEERS
and LIEUTENANT GENERAL TODD
T. SEMONITE (in his official capacity
as U.S. Army Chief of Engineers and
Commanding General of the U.S. Army
Corps of Engineers),

      Defendants,

      and

TRANSCANADA KEYSTONE
PIPELINE, LP, and TC ENERGY
CORPORATION,

      Defendant-Intervenors.

CV 19-44-GF-BMM

**DEFENDANTS' ANSWER
TO NORTHERN PLAINS
RESOURCE COUNCIL ET
AL.'S FIRST AMENDED
COMPLAINT FOR
DECLARATORY AND
INJUNCTIVE RELIEF**

Defendant United States Corps of Engineers ("Corps") and Lieutenant General Todd T. Semonite, in his official capacity as U.S. Army Chief of Engineers and Commanding General of the U.S. Army Corps of Engineers (collectively "Defendants") respond to the allegations in Northern Plains Resource Council, et al.'s, ("Plaintiffs") First Amended Complaint for Declaratory and Injunctive Relief (the "Complaint") as follows. Defendants deny any of the Complaint's allegations, express or implied, that are not otherwise expressly admitted, denied, or qualified here.

The paragraph numbers in this Answer correspond to the paragraph numbers in Plaintiffs' Complaint. Defendants do not specifically respond to the section headings included in the Complaint, but to the extent those headings expressly or implicitly include substantive legal or factual allegations, Defendants deny those allegations.

1.　The allegations in paragraph 1 characterize the Complaint and set forth conclusions of law, which require no response. To the extent a response is required, the allegations are denied.

2.　The allegations in the first, second, and third sentences of paragraph 2 characterize court orders in litigation challenging Department of State agency action and those orders speak for themselves and are the best evidence of their contents; to the extent that the allegations are inconsistent with the court orders,

they are denied.  Defendants admit that on March 29, 2019, President Trump granted a Presidential Permit to TransCanada Keystone Pipeline, L.P. "to construct, connect, operate, and maintain pipeline facilities at the international border of the United States and Canada at Phillips County, Montana, for the import of oil from Canada to the United States."  The remaining allegations in the fourth sentence characterize an order by the Ninth Circuit, which speaks for itself and is the best evidence of its contents.  Defendants admit the allegations in the fifth and sixth sentences of paragraph 2.

3.     Defendants deny the allegations in paragraph 3.

4.     The allegations in the first sentence of paragraph 4 characterize a federal statute, which speaks for itself and is the best evidence of its content.  To the extent the allegations are inconsistent with the federal statute, they are denied.  The allegations in the second and third sentence of paragraph 4 characterize a federal statute and regulations, which speak for themselves and are the best evidence of their contents.  To the extent the allegations are inconsistent with the federal statute and regulations, they are denied.

5.     Defendants deny the allegations in the first sentence of paragraph 5.  The allegations in the second sentence of paragraph 5 characterize the Nationwide Permit 12 Decision Document, which speaks for itself and is the best evidence of its contents; to the extent that the allegations are inconsistent with the Nationwide

Permit 12 Decision Document, they are denied. Defendants admit the allegations in the third sentence in paragraph 5. The allegations in the fourth sentence of paragraph 5 are vague and therefore are denied.

6.     Defendants deny the allegations in paragraph 6.

7.     Defendants deny the allegations in the first and third sentences of paragraph 7. The allegations in the second sentence of paragraph 7 characterize the Nationwide Permit 12, which speaks for itself and is the best evidence of its contents; to the extent that the allegations are inconsistent with the Nationwide Permit 12, they are denied. Defendants deny the allegations in the fourth sentence of paragraph 7.

8.     Defendants deny the allegations in paragraph 8.

9.     The allegations in the first and second sentences of paragraph 9 characterize the Nationwide Permit 12, which speaks for itself and is the best evidence of its contents; to the extent that the allegations are inconsistent with the Nationwide Permit 12, they are denied. Defendants deny the allegations in the third sentence of paragraph 9.

10.    The allegations in paragraph 10 are conclusions of law to which no response is required, to the extent a response is required, Defendants deny the allegations.

11.    Defendants admit that TC Energy is the project proponent for the proposed Keystone XL pipeline. Defendants deny the remaining allegations in the first

sentence of paragraph 11. Defendants deny the allegations in the second sentence of paragraph 11. Defendants admit that the Corps verified one pre-construction notification for the Yellowstone River crossing in Montana on September 8, 2017, and one pre-construction notification for the Cheyenne River crossing in South Dakota on August 4, 2017. Defendants deny the remaining allegations in the third sentence of paragraph 11. The allegations in the fourth sentence of paragraph 11 characterize an unidentified Corps notification, which speaks for itself and is the best evidence of its contents; to the extent that the allegations are inconsistent with the referenced Corps notification, they are denied. The allegations in the fifth and sixth sentences of paragraph 11 are conclusions of law to which no response is required; to the extent a response is required, Defendants deny the allegations.

12.    Defendants admit that the Corps suspended both verifications on August 2, 2019. Defendants deny the remaining allegations in the first sentence of paragraph 12. The allegations in the second sentence of paragraph 12 are vague and therefore are denied.

13.    The allegations in the first clause of the first sentence of paragraph 13 set forth Plaintiffs' characterization of their case, to which no response is required. The remaining allegations in paragraph 13 are conclusions of law and Plaintiffs' request for relief. Defendants deny that the Corps' actions were unlawful and that Plaintiffs are entitled to the relief requested or any relief whatsoever.

14.     Defendants admit that Plaintiffs have brought their case under the identified statutes, but deny any remaining allegations in the first sentence of paragraph 14. The allegations in the second sentence of paragraph 14 are legal conclusions to which no response is required; to the extent a response may be required, Defendants deny the allegations.

15.     The allegations in the first sentence of paragraph 15 are legal conclusions to which no response is required.  To the extent a response is required, Defendants admit that venue is proper in this district, but deny any remaining allegations in the first sentence of paragraph 15.  Defendants admit the proposed route for the Keystone XL pipeline enters the United States in Montana.  Defendants admit that TransCananda's pre-construction notification for Montana identified 27 individual wetlands and 194 individual waterbody crossings.  The notification has since been withdrawn and Defendants therefore lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the second sentence of paragraph 15.  The allegations in the third sentence of paragraph 15 are vague as to the identification of the waterway crossings and therefore are denied.

16.     The allegations in the first sentence of paragraph 16 are legal conclusions to which no response is required.  To the extent a response is required, Defendants admit that assignment to this division is appropriate, but deny any remaining allegations in the first sentence of paragraph 16.  The allegations in the second

sentence of paragraph 16 characterize the May 25, 2017 Montana PCN, which speaks for itself and is the best evidence of its contents; to the extent that the allegations are inconsistent with the May 25, 2017 Montana PCN, they are denied. The allegations in the third sentence of paragraph 16 characterize Local Rule 1.2(c)(3), which speaks for itself and is the best evidence of its contents; to the extent that the allegations are inconsistent with Local Rule 1.2(c)(3), they are denied.

17. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 17, and therefore the allegations are denied.

18. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 18, and therefore the allegations are denied.

19. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 19, and therefore the allegations are denied.

20. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 20, and therefore the allegations are denied.

21. Defendants lack sufficient knowledge or information to form a belief as to

the truth of the allegations in paragraph 21, and therefore the allegations are denied.

22.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 22, and therefore the allegations are denied.

23.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 23, and therefore the allegations are denied.

24.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 24, and therefore the allegations are denied.

25.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 25, and therefore the allegations are denied.

26.     Defendants deny the allegations in paragraph 26.

27.     Defendants deny the allegations in the first sentence of paragraph 27. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the second and third sentences of paragraph 27, and therefore the allegations are denied.

28.     Defendants deny the allegations in paragraph 28.

29.     The allegations in the first sentence of paragraph 29 characterize Plaintiffs' requested relief to which no response is required.  To the extent a further response is required, Defendants deny that Plaintiffs are entitled to the relief requested or any relief whatsoever.  The allegations in the first and second sentences of paragraph 29 are vague in their identification of the individuals, information, and resources in question and therefore are denied.  Defendants deny the allegations in the fourth sentence of paragraph 29.

30.     Defendants admit the allegations in paragraph 30 and further aver that the Corps has regulatory field offices in Pierre and Black Hills, South Dakota, and Omaha, Nebraska, and that the District Office in Omaha, Nebraska oversees field offices within its Regulatory boundary, which includes Montana, Wyoming, South Dakota, North Dakota, Nebraska, and a part of Colorado.

31.     Defendants admit the allegations in paragraph 31.

32.     The allegations in paragraph 32 characterize a federal statute, which speaks for itself and is the best evidence of its contents; to the extent that the allegations are inconsistent with the federal statute, they are denied.

33.     The allegations in paragraph 33 characterize a federal statute and regulations, which speak for themselves and are the best evidence of their contents; to the extent that the allegations are inconsistent with the federal statute and regulations, they are denied.

34.     The allegations in paragraph 34 characterize federal regulations, which speak for themselves and are the best evidence of their contents; to the extent that the allegations are inconsistent with the federal regulations, they are denied.

35.     The allegations in paragraph 35 characterize a federal statute and regulation, which speak for themselves and are the best evidence of their contents; to the extent that the allegations are inconsistent with the federal statute and regulation, they are denied.

36.     The allegations in paragraph 36 are vague in their identification of NEPA's requirements and therefore are denied.

37.     Defendants deny the allegations in the first sentence of paragraph 37.  The allegations in the second sentence of paragraph 37 characterize a federal regulation, which speaks for itself and is the best evidence of its contents; to the extent that the allegations are inconsistent with the federal regulation, they are denied.

38.      The allegations in paragraph 38 characterize a federal statute and regulations, which speak for themselves and are the best evidence of their contents; to the extent that the allegations are inconsistent with the federal statute and regulations, they are denied.

39.     The allegations in paragraph 39 characterize federal regulations, which speak for themselves and are the best evidence of their contents; to the extent that

the allegations are inconsistent with the federal regulations, they are denied.

40.     The allegations in paragraph 40 characterize a federal regulation, which speaks for itself and is the best evidence of its contents; to the extent that the allegations are inconsistent with the federal regulation, they are denied.

41.     The allegations in paragraph 41 characterize a federal regulation, which speaks for itself and is the best evidence of its contents; to the extent that the allegations are inconsistent with the federal regulation, they are denied.

42.     The allegations in paragraph 42 characterize a federal regulation, which speaks for itself and is the best evidence of its contents; to the extent that the allegations are inconsistent with the federal regulation, they are denied.

43.     The allegations in paragraph 43 characterize a federal regulation, which speaks for itself and is the best evidence of its contents; to the extent that the allegations are inconsistent with the federal regulation, they are denied.

44.     The allegations in paragraph 44 characterize a federal regulation, which speaks for itself and is the best evidence of its contents; to the extent that the allegations are inconsistent with the federal regulation, they are denied.

45.     The allegations in paragraph 45 characterize a federal regulation, which speaks for itself and is the best evidence of its contents; to the extent that the allegations are inconsistent with the federal regulation, they are denied.

46.     The allegations in paragraph 46 characterize a federal regulation, which

speaks for itself and is the best evidence of its contents; to the extent that the allegations are inconsistent with the federal regulation, they are denied.

47.     The allegations in paragraph 47 characterize a federal regulation, which speaks for itself and is the best evidence of its contents; to the extent that the allegations are inconsistent with the federal regulation, they are denied.

48.     The allegations in paragraph 48 characterize a federal statute and regulation, which speak for themselves and are the best evidence of their contents; to the extent that the allegations are inconsistent with the federal statute and regulation, they are denied.

49.     The allegations in the first sentence of paragraph 49 characterize a federal regulation, which speaks for itself and is the best evidence of its contents; to the extent that the allegations are inconsistent with the federal regulation, they are denied.  The allegations in the second sentence of paragraph 49 state a legal conclusion, which requires no response.  To the extent a response is required, Defendants admit that district courts have certain remedial powers under the APA, including the ability to vacate an agency action or remand without vacatur. Defendants deny any remaining allegations in the second sentence, including that Plaintiffs are entitled to the relief requested or any relief whatsoever.

50.     The allegations in paragraph 50 characterize a federal statute and regulations, which speak for themselves and are the best evidence of their contents;

to the extent that the allegations are inconsistent with the federal statute and regulations, they are denied.

51.     The allegations in paragraph 51 characterize a federal statute and regulation, which speak for themselves and are the best evidence of their contents; to the extent that the allegations are inconsistent with the federal statute and regulation, they are denied.

52.     The allegations in paragraph 52 characterize federal regulations, which speak for themselves and are the best evidence of their contents; to the extent that the allegations are inconsistent with the federal regulations, they are denied.

53.     The allegations in paragraph 53 characterize federal regulations, which speak for themselves and are the best evidence of their contents; to the extent that the allegations are inconsistent with the federal regulations, they are denied.

54.     The allegations in the first and second sentences of paragraph 54 characterize federal regulations, which speak for themselves and are the best evidence of their contents; to the extent that the allegations are inconsistent with the federal regulations, they are denied.  The allegations in the third sentence of paragraph 54 are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

55.     The allegations in paragraph 55 characterize federal regulations, which speak for themselves and are the best evidence of their contents; to the extent that

the allegations are inconsistent with the federal regulations, they are denied.

56.     The allegations in paragraph 56 characterize a federal regulation, which speaks for itself and is the best evidence of its contents; to the extent that the allegations are inconsistent with the federal regulation, they are denied.

57.     The allegations in paragraph 57 characterize federal regulations, which speak for themselves and are the best evidence of their contents; to the extent that the allegations are inconsistent with the federal regulations, they are denied.

58.     The allegations in paragraph 58 characterize federal regulations, which speak for themselves and are the best evidence of their contents; to the extent that the allegations are inconsistent with the federal regulations, they are denied.

59.     The allegations in paragraph 59 characterize a federal statute, which speaks for itself and is the best evidence of its contents; to the extent that the allegations are inconsistent with the federal statute, they are denied.

60.     The allegations in paragraph 60 characterize a federal regulation, which speaks for itself and is the best evidence of its contents; to the extent that the allegations are inconsistent with the federal regulation, they are denied.

61.     The allegations in paragraph 61 characterize a federal statute and regulation, which speak for themselves and are the best evidence of their contents; to the extent that the allegations are inconsistent with the federal statute and regulation, they are denied.

62.     The allegations in paragraph 62 characterize a federal regulation, which speaks for itself and is the best evidence of its contents; to the extent that the allegations are inconsistent with the federal regulation, they are denied.

63.     The allegations in paragraph 63 characterize a federal statute and regulations, which speak for themselves and are the best evidence of their contents; to the extent that the allegations are inconsistent with the federal statute and regulations, they are denied.

64.     The allegations in paragraph 64 characterize the Federal Register and regulations, which speak for themselves and are the best evidence of their contents; to the extent that the allegations are inconsistent with the Federal Register and regulations, they are denied.

65.     The allegations in paragraph 65 characterize federal regulations, which speak for themselves and are the best evidence of their contents; to the extent that the allegations are inconsistent with the federal regulations, they are denied.

66.     The allegations in paragraph 66 characterize a federal statute, regulations, and the Federal Register which speak for themselves and are the best evidence of their contents; to the extent that the allegations are inconsistent with the federal statute, regulations, and the Federal Register, they are denied.

67.     The allegations in paragraph 67 characterize federal regulations, which speak for themselves and are the best evidence of their contents; to the extent that

the allegations are inconsistent with the federal regulations, they are denied.

68.    The allegations in paragraph 68 characterize a federal statute and regulation, which speak for themselves and are the best evidence of their contents; to the extent that the allegations are inconsistent with the federal statute and regulation, they are denied.

69.    The allegations in paragraph 69 characterize a federal statute and regulations, which speak for themselves and are the best evidence of their contents; to the extent that the allegations are inconsistent with the federal statute and regulations, they are denied.

70.    The allegations in paragraph 70 characterize a federal statute and regulation, which speak for themselves and are the best evidence of their contents; to the extent that the allegations are inconsistent with the federal statute and regulation, they are denied.

71.    The allegations in paragraph 71 characterize federal regulations and the Federal Register, which speak for themselves and are the best evidence of their contents; to the extent that the allegations are inconsistent with the federal regulations and Federal Register, they are denied.

72.    The allegations in paragraph 72 characterize a federal regulation, which speaks for itself and is the best evidence of its contents; to the extent that the allegations are inconsistent with the federal regulation, they are denied.

73.    The allegations in paragraph 73 characterize a federal statute, which speaks for itself and is the best evidence of its contents; to the extent that the allegations are inconsistent with the federal statute, they are denied.

74.    The allegations in paragraph 74 characterize the Federal Register, which speaks for itself and is the best evidence of its contents; to the extent that the allegations are inconsistent with the Federal Register, they are denied.

75.    The allegations in the first sentence of paragraph 75 characterize comments submitted by Sierra Club, the Center, Bold Alliance, and NRDC, among many others, which speak for themselves and are the best evidence of their contents; to the extent that the allegations are inconsistent with the comments, they are denied. The allegations in the second and third sentences of paragraph 75 characterize the Federal Register, which speaks for itself and is the best evidence of its contents; to the extent that the allegations are inconsistent with the Federal Register, they are denied.

76.    The allegations in paragraph 76 characterize the Federal Register, which speaks for itself and is the best evidence of its contents; to the extent that the allegations are inconsistent with the Federal Register, they are denied.

77.    The allegations in paragraph 77 characterize the Federal Register, which speaks for itself and is the best evidence of its contents; to the extent that the allegations are inconsistent with the Federal Register, they are denied.

78.     The allegations in the first and third sentences of paragraph 78 characterize the Federal Register, which speaks for itself and is the best evidence of its contents; to the extent that the allegations are inconsistent with the Federal Register, they are denied.  The allegations in the second sentence of paragraph 78 are denied as vague in describing what Nationwide Permit 12 allows and therefore are denied.

79.     The allegations in paragraph 79 characterize Nationwide Permit 12, which speaks for itself and is the best evidence of its contents; to the extent that the allegations are inconsistent with Nationwide Permit 12, they are denied.

80.     The allegations in the first sentence of paragraph 80 are vague in that they identify the Corps' rationale and therefore are denied.  The allegations in the second sentence of paragraph 80 characterize the Federal Register, which speaks for itself and is the best evidence of its contents; to the extent that the allegations are inconsistent with the Federal Register, they are denied.

81.     The allegations in the first sentence of paragraph 81 characterize Nationwide Permit 12, which speaks for itself and is the best evidence of its contents; to the extent that the allegations are inconsistent with Nationwide Permit 12, they are denied.  Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the second sentence of paragraph 81, and therefore they are denied.

82.   The allegations in paragraph 82 characterize the Federal Register, which speaks for itself and is the best evidence of its contents; to the extent that the allegations are inconsistent with the Federal Register, they are denied.

83.   The allegations in paragraph 83 characterize the nationwide permit, which speaks for itself and is the best evidence of its contents; to the extent that the allegations are inconsistent with the permit they are denied.

84.   The allegations in paragraph 84 are vague in describing how project applicants proceed under Nationwide Permit 12 and are therefore denied.

85.   The allegations in paragraph 85 and footnote 1 characterize the Federal Register, which speaks for itself and is the best evidence of its contents; to the extent that the allegations are inconsistent with the Federal Register, they are denied.

86.   The allegations in paragraph 86 characterize the Federal Register, which speaks for itself and is the best evidence of its contents; to the extent that the allegations are inconsistent with the Federal Register, they are denied.

87.   The allegations in paragraph 87 characterize the Federal Register, which speaks for itself and is the best evidence of its contents; to the extent that the allegations are inconsistent with the Federal Register, they are denied.

88.   The allegations in paragraph 88 characterize the Federal Register, which speaks for itself and is the best evidence of its contents; to the extent that the

allegations are inconsistent with the Federal Register, they are denied.

89.    The allegations in paragraph 89 characterize the Federal Register, which speaks for itself and is the best evidence of its contents; to the extent that the allegations are inconsistent with the Federal Register, they are denied.

90.    The allegations in paragraph 90 characterize the Federal Register, which speaks for itself and is the best evidence of its contents; to the extent that the allegations are inconsistent with the Federal Register, they are denied.

91.    The allegations in paragraph 91 are legal conclusions to which no response is required; to the extent a response may be required, Defendants deny the allegations.

92.    Defendants admit the allegations in paragraph 92.

93.    Defendants admit that the Corps issued an EA/FONSI for the reissuance of NWP 12, that the Corps estimated the NWP would be used approximately 11,500 times per year, and that impacts authorized under the NWP require no further NEPA review.  Defendants deny any remaining allegations in the first sentence of paragraph 93.  The allegations in the second sentence and associated parenthetical of paragraph 93 characterize the Federal Register, which speaks for itself and is the best evidence of its contents; to the extent that the allegations are inconsistent with the Federal Register, they are denied.  The allegations in the third sentence of paragraph 93 are vague in that they do not identify any specific oil pipeline, and

therefore the allegations are denied.

94. The allegations in paragraph 94 characterize the Nationwide Permit 12 Decision Document, which speaks for itself and is the best evidence of its contents; to the extent that the allegations are inconsistent with the Nationwide Permit 12 Decision Document, they are denied.

95. The allegations in paragraph 95 characterize the Nationwide Permit 12 Decision Document, which speaks for itself and is the best evidence of its contents; to the extent that the allegations are inconsistent with the Nationwide Permit 12 Decision Document, they are denied.

96. The allegations in paragraph 96 characterize the Nationwide Permit 12 Decision Document, which speaks for itself and is the best evidence of its contents; to the extent that the allegations are inconsistent with the Nationwide Permit 12 Decision Document, they are denied.

97. The allegations in paragraph 97 characterize the Nationwide Permit 12 Decision Document, which speaks for itself and is the best evidence of its contents; to the extent that the allegations are inconsistent with the Nationwide Permit 12 Decision Document, they are denied.

98. The allegations in paragraph 98 characterize the Nationwide Permit 12 Decision Document, which speaks for itself and is the best evidence of its contents; to the extent that the allegations are inconsistent with the Nationwide Permit 12

Decision Document, they are denied.

99.    The allegations in the first and second sentences of paragraph 99 characterize the Nationwide Permit 12 Decision Document, which speaks for itself and is the best evidence of its contents; to the extent that the allegations are inconsistent with the Nationwide Permit 12 Decision Document, they are denied. The allegations in the third sentence of paragraph 99 are denied as vague.

100.  Defendants aver that the Northwestern Division issued the Omaha District Supplemental Decision Document on March 17, 2017.  The remaining allegations in paragraph 100 characterize the Supplemental Decision Document, which speaks for itself and is the best evidence of its contents; to the extent that the allegations are inconsistent with the Supplemental Decision Document, they are denied.

101.  The allegations in paragraph 101 characterize the Supplemental Decision Document, which speaks for itself and is the best evidence of its contents; to the extent that the allegations are inconsistent with the Supplemental Decision Document, they are denied.

102.  The allegations in paragraph 102 characterize the Supplemental Decision Document, which speaks for itself and is the best evidence of its contents; to the extent that the allegations are inconsistent with the Supplemental Decision Document, they are denied.

103.   The allegations in paragraph 103 are legal conclusions to which no response

is required; to the extent a response may be required, Defendants deny the allegations.

104.    The allegations in paragraph 104 characterize the Nationwide Permit 12 Decision Document, which speaks for itself and is the best evidence of its contents; to the extent that the allegations are inconsistent with the Nationwide Permit 12 Decision Document, they are denied.

105.    The allegations in paragraph 105 are denied as vague.

106.    Defendants admit the Corps did not undertake ESA Section 7 consultation with the Services and aver that consultation was not required because the Corps made a "no effect" determination for the issuance or reissuance of the NWPs.

107.    Defendants deny the allegations in the first sentence of paragraph 107.  In response to the allegations in the second sentence of paragraph 107, Defendants aver that if an agency determines that a particular action will have no effect on protected species, the consultation requirements are not triggered and concurrence of the wildlife agencies is not required.

108.    The allegations in paragraph 108 characterize the Federal Register, which speaks for itself and is the best evidence of its contents; to the extent that the allegations are inconsistent with the Federal Register, they are denied.

109.    Defendants deny the allegations in the first, second, and third sentences of paragraph 109.  Defendants lack sufficient knowledge or information to form a

belief as to the truth of the allegations in the fourth sentence of paragraph 109, and therefore the allegations are denied.

110.   In response to the allegations in the first sentence of paragraph 110, Defendants admit that the United States' portion of the pipeline would consist of 875 miles of 36-inch diameter pipe. In response to the allegations in the second sentence, Defendants admit the proposed project would transport oil from an oil terminal near Baker, Montana, to existing pipeline facilities near Steele City, Nebraska.  Defendants admit the allegations in the third sentence.  In response to the allegations in the fourth sentence, Defendants admit that the proposed project would traverse approximately 45 miles of federal land under the management and jurisdiction of the Bureau of Land Management ("BLM").  Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 110, and therefore the remaining allegations are denied.

111.   In response to the allegations in the first three sentences of paragraph 111, Defendants admit that the proposed project pipeline would allow delivery of up to 830,000 barrels per day (bpd) of crude oil from the Western Canadian Sedimentary Basin in Canada and the Bakken Shale Formation in the United States to Steele City, Nebraska, for onward delivery to refineries in the Gulf Coast area. Defendants deny any remaining allegations in the first three sentences.  Defendants

lack sufficient knowledge or information to form a belief as to the truth of the allegations in the fourth sentence. The allegations in the fifth sentence are vague and therefore denied on that basis.

112. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 112, which are vague and ambiguous, and therefore the allegations are denied.

113. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 113, which are vague and ambiguous, and therefore the allegations are denied.

114. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 114, which are vague and ambiguous, and therefore the allegations are denied.

115. The allegations in the first sentence of paragraph 115 are vague and ambiguous in their identification of the tar sands projects in question. The allegations are therefore denied. The allegations in the second sentence of paragraph 115 characterize the State Department and EPA NEPA process for Keystone XL, which speaks for itself and is the best evidence of its contents; to the extent that the allegations are inconsistent with the State Department and EPA NEPA process for Keystone XL, they are denied.

116. The allegations paragraph 116 are vague and ambiguous in their use of the

verb "enabled" and identification of specific fossil fuel extractions and burnings and land use changes. The allegations are therefore denied.

117.   The allegations in the first sentence of paragraph 117 characterize National Oceanic and Atmospheric Administration (NOAA) data, which speaks for itself and is the best evidence of its contents; to the extent that the allegations are inconsistent with NOAA data, they are denied.  Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the second sentence of paragraph 117, which are vague and ambiguous, and therefore the allegations are denied.

118.   The allegations in the first sentence are vague and ambiguous in their identification of waterways, and are therefore denied.  Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 118, and therefore the allegations are denied.

119.   Upon information and belief, the allegations in paragraph 119 characterize the State Department's 2014 SEIS, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the SEIS, they are denied.

120.   Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 120, and therefore the allegations are denied.

121.    Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the first, fourth, and fifth sentences of paragraph 121, which are vague and ambiguous, and therefore the allegations are denied.  The allegations in the second sentence of paragraph 121 characterize the State Department's 2014 analysis, which speaks for itself and is the best evidence of its contents; to the extent that the allegations are inconsistent with the State Department's 2014 analysis, they are denied.  Defendants admit the allegations in the third sentence of paragraph 121.

122.    The allegations in the first sentence of paragraph 122 are vague and therefore are denied.  In response to the allegations in the second sentence, Defendants admit that the State Department's 2014 analysis indicates that TC Energy plans to cross the specified rivers using horizontal directional drilling. In response to the allegations in the third sentence, Defendants admit that the State Department's 2014 analysis indicates that TC Energy plans to use a water-bentonite slurry. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 122, and therefore the allegations are denied.

123.    Upon information and belief, the allegations in paragraph 123 characterize the State Department's 2014 analysis, which speaks for itself and is the best evidence of its contents; to the extent that the allegations are inconsistent with the

State Department's 2014 analysis, they are denied.

124.   Upon information and belief, the allegations in the first and second sentences of paragraph 124 characterize the State Department's 2014 analysis, which speaks for itself and is the best evidence of its contents; to the extent that the allegations are inconsistent with the State Department's 2014 analysis, they are denied. The remaining allegations are vague and therefore are denied.

125.   The allegations in the first, fourth, and fifth sentences of paragraph 125 are vague as to the identification of the wetlands in question and therefore are denied. Defendants deny the allegations in the second sentence.  Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the third sentence of paragraph 125, and therefore the allegations are denied.

126.   The allegations in paragraph 126 characterize the State Department's 2014 analysis, which speaks for itself and is the best evidence of its contents; to the extent that the allegations are inconsistent with the State Department's 2014 analysis, they are denied.

127.   Upon information and belief, the allegations in the first sentence of paragraph 127 characterize the State Department's 2014 analysis, which speaks for itself and is the best evidence of its contents; to the extent that the allegations are inconsistent with the State Department's 2014 analysis, they are denied.

128.   Defendants deny the allegations in paragraph 128.

129.   The allegations in the first sentence of paragraph 129 characterize an unidentified previous acknowledgment by FWS and the State Department, which speaks for itself and is the best evidence of its contents; to the extent that the allegations are inconsistent with the unidentified previous acknowledgment by FWS and the State Department, they are denied.  The allegations in the second and third sentences of paragraph 129 are denied.  Given the vague and unidentified nature of the allegations in the fourth sentence, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore the allegations are denied.

130.     Defendants admit the allegations in the first sentence of paragraph 130. The allegations in the second sentence of paragraph 130 characterize the Region 6 Guidance, which speaks for itself and is the best evidence of its contents; to the extent that the allegations are inconsistent with the Region 6 Guidance, they are denied.  Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the third, fourth, fifth, and sixth sentences of paragraph 130, and therefore the allegations are denied.

131.   Defendants deny the allegations in paragraph 131.

132.   The allegations in paragraph 132 are vague and therefore are denied.

133.   Defendants admit that drilling would occur at milepost 83.41 of the Milk River and milepost 89.66 of the Missouri River and that pallid sturgeon are present

in both rivers, but deny the remaining allegations in the first sentence of paragraph

133.  Upon information and belief, the allegations in the second sentence of

paragraph 133 characterize the May 25, 2017 Montana PCN, which speaks for

itself and is the best evidence of its contents; to the extent that the allegations are

inconsistent with the May 25, 2017 Montana PCN, they are denied. The remaining

allegations are vague and speculative and therefore denied on those bases.

134.   The allegations in the first sentence of paragraph 134 characterize the State

Department's analysis, which speaks for itself and is the best evidence of its

contents; to the extent that the allegations are inconsistent with the State

Department's analysis, they are denied.  The allegations in the second sentence of

paragraph 134 characterize Plaintiffs' comments on the 2017 reissuance of NWP

12 and the Keystone XL draft EIS, which speaks for themselves and are the best

evidence of their contents; to the extent that the allegations are inconsistent with

Plaintiffs' comments on the 2017 reissuance of NWP 12 and the Keystone XL

draft EIS, they are denied.

135.   Defendants deny the allegations in paragraph 135.

136.   The allegations in the first and second sentences of paragraph 136

characterize an unidentified previous acknowledgment by FWS and the State

Department, which speaks for itself and is the best evidence of its contents; to the

extent that the allegations are inconsistent with the unidentified previous

acknowledgment by FWS and the State Department, they are denied. The allegations in the third sentence of paragraph 136 characterize the 2013 FWS Incidental Take Statement, which speaks for itself and is the best evidence of its contents; to the extent that the allegations are inconsistent with the 2013 FWS Incidental Take Statement, they are denied. Defendants deny the allegations in the fourth sentence of paragraph 136.

137.    Defendants deny the allegations in paragraph 137.

138.    The allegations in the first part of the first sentence of paragraph 138 characterize Executive Order 13,337, which speaks for itself and is the best evidence of its contents; to the extent that the allegations are inconsistent with Executive Order 13,337, they are denied. Defendants admit that the State Department acted as the lead agency in the Keystone XL NEPA process but lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in the first sentence of paragraph 138, and therefore the remaining allegations are denied. Defendants admit that the Corps agreed to be a cooperating agency because it has jurisdictional authority pursuant to Section 404 of the Clean Water Act (33 U.S.C. § 1344), Section 10 of the Rivers and Harbors Act (33 U.S.C. § 403), and Section 14 of the Rivers and Harbors Act of 1899 (33 U.S.C. § 408) over portions of the proposed project. The remaining allegations in the second sentence of paragraph 138 are vague as to their identification of the

waterways in question and therefore are denied. Defendants deny the allegations in the third sentence of paragraph 138. In response to the allegations in the fourth sentence, Defendants admit that TC Energy reapplied for the cross-border permit on May 4, 2012, and that the separate Gulf Coast Pipeline is now operational, but deny any remaining allegations.

139. Defendants admit the State Department issued a Final Biological Assessment for the Keystone XL project on December 21, 2012. The remaining allegations in the first and second sentences of paragraph 139 characterize the Final Biological Assessment which speaks for itself and is the best evidence of its contents; to the extent that the remaining allegations in the first and second sentences are inconsistent with the Final Biological Assessment, they are denied. The allegations in the third sentences of paragraph 139 are denied. The allegations in the fourth sentence of paragraph 139 characterize Final Biological Assessment, which speaks for itself and is the best evidence of its contents; to the extent that the allegations are inconsistent with Final Biological Assessment, they are denied.

140. The allegations in paragraph 140 characterize the Final Biological Assessment, which speaks for itself and is the best evidence of its contents; to the extent that the allegations are inconsistent with the Final Biological Assessment, they are denied.

141. Defendants admit the allegations in the first sentence of paragraph 141. The

remaining allegations of paragraph 141 characterize the May 15, 2013 FWS Biological Opinion, which speaks for itself and is the best evidence of its contents; to the extent that the allegations are inconsistent with the Biological Opinion, they are denied.

142.    Defendants admit the allegations in paragraph 142.

143.    Defendants admit that the Secretary of State made a determination regarding national interest in November 2015.  The remaining allegations in paragraph 143 characterize the November 2015 determination, which speaks for itself and is the best evidence of its contents; to the extent that the allegations are inconsistent with the determination, they are denied.

144.    Defendants admit that on January 24, 2017, the President issued a memorandum.  The remaining allegations in the first sentence of paragraph 144 characterize the memorandum, which speaks for itself and is the best evidence of its contents; to the extent that the allegations are inconsistent with the January 23, 2017 presidential memorandum, they are denied.  Defendants admit the allegations in the second sentence of paragraph 144.

145.    Defendants deny the allegations in paragraph 145.

146.    The allegations in the first and second sentences of paragraph 146 characterize the Nebraska Public Service Commission's November 20, 2017 determination, which speaks for itself and is the best evidence of its contents; to

the extent that the allegations are inconsistent with the Nebraska Public Service Commission's determination, they are denied. Defendants admit the allegations in the third sentence of paragraph 146.

147.    The allegations in the first sentence of paragraph 147 characterize Plaintiffs' compliant in a prior lawsuit, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with that Complaint, they are denied. The allegations in the second, third, and fourth sentences of paragraph 147 characterize court orders, which speak for themselves and are the best evidence of their contents; to the extent that the allegations are inconsistent with the court orders, they are denied.

148.    Defendants admit that, on March 29, 2019, while the Court's decisions were on appeal to the United States Court of Appeals for the Ninth Circuit, President Trump issued a permit to TransCanada Keystone Pipeline, L.P. Defendants deny the remaining allegations in the first sentence of paragraph 148. Defendants admit the allegations in the second sentence of paragraph 148.

149.    In response to the allegations in paragraph 149, Defendants admit that the State Department withdrew its 2012 biological assessment on May 6, 2019, and requested that FWS withdraw the 2013 biological opinion; Defendants also admit that FWS withdrew the 2013 biological opinion and incidental take statement on May 6, 2019.

150.   Defendants admit the allegations in paragraph 150, but clarify that the Bureau of Land Management's pending decision is for a right-of-way grant, not a permit.

151.   Defendants admit that some further analysis under Section 7 of the Endangered Species Act is being conducted.  The remaining allegations in paragraph 151 are vague as to their identification of the information in question and therefore are denied.

152.   The allegations in paragraph 152 are vague as to their identification of the waterway crossings and therefore are denied.

153.   Defendants admit the allegations in the first sentence of paragraph 153 and aver that TransCanada Keystone Pipeline, LP submitted a total of five preconstruction notifications on May 25, 2017 requesting concurrence of NWP 12 applicability for portions of the project.  The allegations in the second and third sentences of paragraph 153 characterize the PCNs, which speaks for itself and is the best evidence of its contents; to the extent that the allegations are inconsistent with the PCNs, they are denied.  The allegations in footnote 2 characterize the 2014 EIS, which speaks for itself and is the best evidence of its contents; to the extent that the allegations are inconsistent with the 2014 EIS, they are denied.

154.   The allegations in the paragraph 154 are vague and therefore are denied.

155.   Defendants deny the allegations in the first and third sentences of paragraph

155.  Defendants admit the allegations in the second sentence of paragraph 155. The allegations in the third sentence of paragraph 155 are vague and therefore are denied.

156.  The allegations in the first sentence of paragraph 156 characterize unidentified verifications, which speak for themselves and are the best evidence of their contents; to the extent that the allegations are inconsistent with the unidentified verifications, they are denied.  Defendants admit the allegations in the second sentence of paragraph 156 and aver that the Corps suspended the verifications for the Yellowstone River crossing in Montana and the Cheyenne River crossing in South Dakota on August 2, 2019.  Defendants deny the allegations in the third sentence of paragraph 156.

157.  The allegations in paragraph 157 are legal conclusions to which no response is required; to the extent a response may be required, Defendants deny the allegations.

158.  The allegations in the first and third sentences of paragraph 158 are vague in that they do not refer to specific crossings and therefore are denied.  Defendants admit that there are a total of six water crossings between milepost 111.44 and milepost 112.64 of the proposed pipeline in Montana, but deny the remaining allegations in the second sentence of paragraph 158.  Defendants deny the allegations in the fourth sentence of paragraph 158.

159.    Defendants deny the allegations in the first sentence of paragraph 159. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the second sentence of paragraph 159, and therefore the allegations are denied.

160.    Defendants admit that Plaintiffs submitted a letter in August 2017.  The allegations in paragraph 160 characterize Plaintiffs' August 2017 comment letter, which speaks for itself and is the best evidence of its contents; to the extent that the allegations are inconsistent with Plaintiffs' August 2017 comment letter, they are denied.

161.    Defendants admit that the Corps responded to the Plaintiffs' August 2017 comment letter in a letter dated September 14, 2017.  The allegations in the first sentence of paragraph 161 characterize the Corps' September 14, 2017 letter, which speaks for itself and is the best evidence of its contents; to the extent that the allegations are inconsistent with the Corps' September 14, 2017 letter, they are denied.  The allegations in the second sentence of paragraph 161 are vague in that they do not specify denied requests and therefore are denied.

162.    The allegations in paragraph 162 characterize TC Energy's PCN for Montana which speaks for itself and is the best evidence of its contents; to the extent that the allegations are inconsistent with TC Energy's PCN for Montana, they are denied.

163.   The allegations in paragraph 163 characterize TC Energy's PCN for Montana which speaks for itself and is the best evidence of its contents; to the extent that the allegations are inconsistent with TC Energy's PCN for Montana, they are denied.

164.   Defendants admit the allegations in paragraph 164.

165.   Defendants admit the allegations in the first and second sentences of paragraph 165.  The allegations in the third sentence of paragraph 165 are vague and therefore are denied.  The allegations in the fourth sentence of paragraph 165 characterize the Corps' September 8, 2017 verification which speaks for itself and is the best evidence of its contents; to the extent that the allegations are inconsistent with the Corps' September 8, 2017 verification, they are denied.

166.   The allegations in paragraph 166 are vague in that they state what the Corps' position "appears to be" and are therefore are denied.

167.   Defendants admit that the Corps has not taken final agency action on TC Energy's verification request or Section 408 application for the Missouri River crossing.  The remaining allegations in paragraph 167 are vague and therefore are denied.

168.   The allegations in paragraph 168 characterize TC Energy's PCN for South Dakota which speaks for itself and is the best evidence of its contents; to the extent that the allegations are inconsistent with TC Energy's PCN for South Dakota, they

are denied.

169.    The allegations in paragraph 169 characterize TC Energy's PCN for South Dakota which speaks for itself and is the best evidence of its contents; to the extent that the allegations are inconsistent with TC Energy's PCN for South Dakota, they are denied.

170.    Defendants admit the allegations in paragraph 170.

171.    Defendants admit the allegations in the first and second sentences of paragraph 171.  The allegations in the third sentence of paragraph 171 are vague and therefore are denied.  The allegations in the fourth sentence of paragraph 171 characterize the August 4, 2017 verification which speaks for itself and is the best evidence of its contents; to the extent that the allegations are inconsistent with the August 4, 2017 verification, they are denied.

172.    The allegations in paragraph 172 are vague and therefore are denied.

173.    The allegations in paragraph 173 characterize TC Energy's PCN for Nebraska which speaks for itself and is the best evidence of its contents; to the extent that the allegations are inconsistent with TC Energy's PCN for Nebraska, they are denied.

174.    The allegations in paragraph 174 characterize TC Energy's PCN for Nebraska which speaks for itself and is the best evidence of its contents; to the extent that the allegations are inconsistent with TC Energy's PCN for Nebraska,

they are denied.

175.   The allegations in paragraph 175 characterize Attachment B to the May 25, 2017 Nebraska PCN which speaks for itself and is the best evidence of its contents; to the extent that the allegations are inconsistent with Attachment B to the May 25, 2017 Nebraska PCN, they are denied.

176.   The allegations in paragraph 176 characterize the June 22, 2017 Corps letter which speaks for itself and is the best evidence of its contents; to the extent that the allegations are inconsistent with the June 22, 2017 Corps letter, they are denied.

177.   The allegations in paragraph 177 characterize the June 22, 2017 Corps letter which speaks for itself and is the best evidence of its contents; to the extent that the allegations are inconsistent with the June 22, 2017 Corps letter, they are denied.

178.   Defendants admit the allegations in paragraph 178.

179.   The allegations in the first sentence of paragraph 179 characterize the November 22, 2017 Corps letter which speaks for itself and is the best evidence of its contents; to the extent that the allegations are inconsistent with the November 22, 2017 Corps letter, they are denied.  The allegations in the second sentence of paragraph 179 characterize the June 22, 2017 and November 22, 2017 Corps letters which speak for themselves and are the best evidence of its contents; to the extent that the allegations are inconsistent with the June 22, 2017 and November 22, 2017 Corps letters, they are denied.

180.   Defendants admit that TC Energy has not submitted a new PCN for the Mainline Alternative Route in Nebraska.  Defendants deny the remaining allegations in paragraph 180.

181.   The allegations in paragraph 181 characterize the May 25, 2017 PCNs which speak for themselves and are the best evidence of their contents; to the extent that the allegations are inconsistent with the May 25, 2017 PCNs, they are denied.

182.   The allegations in paragraph 182 characterize the May 25, 2017 Montana PCN which speaks for itself and is the best evidence of its contents; to the extent that the allegations are inconsistent with the May 25, 2017 Montana PCN, they are denied.

183.   The allegations in paragraph 183 characterize the May 25, 2017 South Dakota PCN which speaks for itself and is the best evidence of its contents; to the extent that the allegations are inconsistent with the May 25, 2017 South Dakota PCN, they are denied.

184.   The allegations in paragraph 184 characterize the May 25, 2017 Nebraska PCN which speaks for itself and is the best evidence of its contents; to the extent that the allegations are inconsistent with the May 25, 2017 Nebraska PCN, they are denied.

185.   The allegations in paragraph 185 characterize the Federal Register and a regulation which speak for themselves and are the best evidence of their contents;

to the extent that the allegations are inconsistent with the Federal Register and regulation, they are denied.

186.    The allegations in paragraph 186 characterize a federal regulation which speaks for itself and is the best evidence of its contents; to the extent that the allegations are inconsistent with the federal regulation, they are denied.

187.    Defendants admit that the Corps verified one pre-construction notification for the Yellowstone River crossing in Montana on September 8, 2017 and one pre-construction notification for the Cheyenne River crossing in South Dakota on August 4, 2017.  Defendants deny the remaining allegations in the first sentence of paragraph 187.  The allegations in the second sentence of paragraph 187 are denied.  The allegations in the third sentence of paragraph 187 characterize the verifications and associated Memorandums for Record which speak for themselves and are the best evidence of their contents; to the extent that the allegations are inconsistent with the verifications and associated Memorandums for Record, they are denied.  Defendants admit that the FWS withdrew the 2013 Biological Opinion in 2019.  The remaining allegations in the fourth sentence of paragraph 187 characterize a legal opinion, which speaks for itself and is the best evidence of its contents; to the extent that the allegations are inconsistent with the legal opinion, they are denied.

188.    Defendants deny the allegations in paragraph 188.

189.   The allegations in the first sentence of paragraph 189 characterize the June 20, 2019 TC Energy letter which speaks for itself and is the best evidence of its contents; to the extent that the allegations are inconsistent with the June 20, 2019 TC Energy letter, they are denied.  The allegations in the second and third sentences of paragraph 189 characterize the August 2, 2019 Corps letter which speaks for itself and is the best evidence of its contents; to the extent that the allegations are inconsistent with the August 2, 2019 Corps letter, they are denied. The allegations in the fourth sentence of paragraph 189 characterize a federal regulation, 33 C.F.R. § 330.5(d), which speaks for itself and is the best evidence of its contents; to the extent that the allegations are inconsistent with the federal regulation, they are denied.  Defendants admit the allegations in the fifth sentence of paragraph 189.

190.   The allegations in paragraph 190 are denied.

191.   Defendants incorporate by reference all preceding paragraphs in this Answer.

192.   Defendants admit the allegations in paragraph 192.

193.   Defendants admit that the Corps issued an EA/FONSI for the reissuance of NWP 12, that the Corps estimated the NWP would be used approximately 11,500 times per year, and that impacts authorized under the NWP require no further NEPA review.  Defendants deny any remaining allegations in the first sentence of

paragraph 193. The allegations in the second sentence of paragraph 193 are denied as vague as to the identification of specific projects and therefore are denied.

194. Defendants deny the allegations in paragraph 194.

195. Defendants deny the allegations in paragraph 195.

196. Defendants deny the allegations in paragraph 196.

197. Defendants deny the allegations in paragraph 197.

198. Defendants incorporate by reference all preceding paragraphs in this Answer.

199. The allegations in paragraph 199 characterize a federal statute which speaks for itself and is the best evidence of its contents; to the extent that the allegations are inconsistent with the federal statute, they are denied.

200. The allegations in the first and second sentences of paragraph 200 characterize the Federal Register which speaks for itself and is the best evidence of its contents; to the extent that the allegations are inconsistent with the Federal Register, they are denied. The allegations in the third sentence of paragraph 200 are denied as vague.

201. The allegations in paragraph 201 characterize NWP 12 which speaks for itself and is the best evidence of its contents; to the extent that the allegations are inconsistent with the NWP 12, they are denied.

202. The allegations in paragraph 202 characterize the Federal Register which

speaks for itself and is the best evidence of its contents; to the extent that the allegations are inconsistent with the Federal Register, they are denied.

203.   Defendants deny the allegations in paragraph 203.

204.   Defendants deny the allegations in paragraph 204.

205.   Defendants deny the allegations in paragraph 205.

206.   Defendants incorporate by reference all preceding paragraphs.

207.   In response to the allegations in the first sentence of paragraph 207, Defendants admit that the Corps verified one pre-construction notification for the Yellowstone River crossing in Montana on September 8, 2017.  The remaining allegations in the first sentence of paragraph 207 are denied as vague.  The allegations in the second sentence of paragraph 207 characterize the Montana PCN and Memorandum for Record which speak for themselves and are the best evidence of their contents; to the extent that the allegations are inconsistent with the Montana PCN and Memorandum for Record, they are denied.

208.   In response to the allegations in the first sentence of paragraph 208, Defendants admit that the Corps verified one pre-construction notification for the Cheyenne River crossing in South Dakota on August 4, 2017.  The remaining allegations in the first sentence of paragraph 208 are denied as vague.  The allegations in the second sentence of paragraph 208 characterize the South Dakota PCN and Memorandum for Record which speak for themselves and are the best

evidence of their contents; to the extent that the allegations are inconsistent with the South Dakota PCN and Memorandum for Record, they are denied.

209. The allegations in the first sentence of paragraph 209 characterize the June 22, 2017 Corps letter which speaks for itself and is the best evidence of its contents; to the extent that the allegations are inconsistent with the June 22, 2017 Corps letter, they are denied. Defendants deny the allegations in the second sentence of paragraph 209.

210. Defendants deny the allegations in paragraph 210.

211. Defendants deny the allegations in paragraph 211.

212. Defendants deny the allegations in paragraph 212.

213. Defendants deny the allegations in paragraph 213.

214. Defendants deny the allegations in paragraph 214.

215. The Corps admits that it suspended the Cheyenne and Yellowstone River verifications on August 2, 2019. Defendants deny the remaining allegations in paragraph 215 as vague.

216. Defendants deny the allegations in paragraph 216.

217. Defendants deny the allegations in paragraph 217.

218. Defendants incorporate by reference all preceding paragraphs in this Answer.

219. The allegations in paragraph 219 characterize a federal statute which speaks

for itself and is the best evidence of its contents; to the extent that the allegations are inconsistent with the federal statute, they are denied.

220.   Defendants deny the allegations in paragraph 220.

221.   Defendants deny the allegations in paragraph 221.

222.   Defendants deny the allegations in paragraph 222.

223.   The allegations in paragraph 223 characterize the Federal Register which speaks for itself and is the best evidence of its contents; to the extent that the allegations are inconsistent with the Federal Register, they are denied.

224.   Defendants deny the allegations in the first and third sentence of paragraph 224.  The allegations in the second sentence of paragraph 224 characterize the Federal Register, which speaks for itself and is the best evidence of its contents; to the extent that the allegations are inconsistent with the Federal Register, they are denied.

225.   Defendants deny the allegations in paragraph 225.

226.   Defendants deny the allegations in the first sentence of paragraph 226. Defendants admit the allegations in the second sentence of paragraph 226.

227.   Defendants deny the allegations in paragraph 227.

228.   Defendants incorporate by reference all preceding paragraphs in this Answer.

229.   The allegations in paragraph 229 characterize a federal statute which speaks

for itself and is the best evidence of its contents; to the extent that the allegations are inconsistent with the federal statute, they are denied.

230. The allegations in paragraph 230 characterize federal regulations and a federal statute, which speaks for themselves and are the best evidence of their contents; to the extent that the allegations are inconsistent with the federal statute and regulations, they are denied.

231. Defendants deny the allegations in paragraph 231.

232. Defendants deny the allegations in paragraph 232.

233. Defendants deny the allegations in paragraph 233.

234. The allegations in the first sentence of paragraph 234 characterize the Nationwide Permit 12 Decision Document, which speaks for itself and is the best evidence of its contents; to the extent that the allegations are inconsistent with the Nationwide Permit 12 Decision Document, they are denied. The allegations in the second sentence of paragraph 234 characterize a federal regulation which speaks for itself and is the best evidence of its contents; to the extent that the allegations are inconsistent with the federal regulation, they are denied.

235. The Corps admits that it suspended the Cheyenne and Yellowstone River verifications on August 2, 2019. Defendants deny the remaining allegations in paragraph 235 as vague.

236. Defendants deny the allegations in paragraph 236.

The remainder of the allegations in the First Amended Complaint constitute Plaintiffs' request for relief to which no response is required. To the extent a further response is required, Defendants deny that Plaintiffs are entitled to the relief requested or any relief whatsoever.

## AFFIRMATIVE AND OTHER DEFENSES

Defendants assert the following defenses to the claims made in Plaintiffs' First Amended Complaint:

1.      The Court lacks subject matter jurisdiction over some or all of Plaintiffs' claims.

2.      Plaintiffs lack standing to bring some or all of their claims.

3.      To the extent Plaintiffs challenge the Corps suspension of the pre-construction notification verifications, those are actions that are committed to agency discretion by law pursuant to 5 U.S.C. § 701(a)(2) and therefore are not reviewable under the Administrative Procedure Act.

4.      Some or all of Plaintiffs' claims fail to state a claim upon which relief can be granted.

5.      Some or all of Plaintiffs' claims are not ripe or moot.

Defendants therefore request that the Court dismiss the Complaint in its entirety, render judgment for Defendants and against Plaintiffs, and grant Defendants any further relief that the nature of the case and justice require.

October 1, 2019

JEAN E. WILLIAMS
Deputy Assistant Attorney General

___*s/ Kristofor R. Swanson*_____
KRISTOFOR R. SWANSON
(Colo. Bar No. 39378)
Senior Attorney
Natural Resources Section
Envt. & Natural Resources Div.
U.S. Department of Justice
P.O. Box 7611
Washington, DC 20044-7611
Tel: (202) 305-0248
Fax: (202) 305-0506
kristofor.swanson@usdoj.gov

BENJAMIN J. GRILLOT
(D.C. Bar No. 982114)
Environmental Defense Section
Envt. & Natural Resources Div.
U.S. Department of Justice
P.O. Box 7611
Washington, DC 20044-7611
Tel: (202) 305-0303
Fax: (202) 305-0506
benjamin.grillot@usdoj.gov

BRIDGET KENNEDY MCNEIL
Senior Trial Attorney
Wildlife & Marine Resources Section
Envt. & Natural Resources Div.
U.S. Department of Justice
999 18th Street
South Terrace, Suite 370
Denver, CO 80202
303-844-1484
bridget.mcneil@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on October 1, 2019, I filed the above pleading with the Court's electronic case management system, which caused notice to be sent to all parties.

*Kristofor R. Swanson*
Kristofor R. Swanson