TIMOTHY C. FOX
Montana Attorney General
ROB CAMERON
Deputy Attorney General
JEREMIAH LANGSTON
Assistant Attorney General
215 North Sanders
P.O. Box 201401
Helena, MT 59620-1401
Phone: 406-444-2026
Fax: 406-444-3549
rob.cameron@mt.gov
jeremiah.langston@mt.gov

COUNSEL FOR PROPOSED DEFENDANT-INTERVENOR
STATE OF MONTANA

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| NORTHERN PLAINS RESOURCE COUNCIL, BOLD ALLIANCE, NATURAL RESOURCES DEFENSE COUNCIL, SIERRA CLUB, CENTER FOR BIOLOGICAL DIVERSITY, and FRIENDS OF THE EARTH, | Case No. CV 19-44-GF-BMM |
| Plaintiffs, | |
| v. | **PROPOSED ANSWER OF INTERVENOR-APPLICANT STATE OF MONTANA TO NORTHERN PLAINS RESOURCE COUNCIL'S, ET AL. FIRST AMENDED COMPLAINT** |
| U.S. ARMY CORPS OF ENGINEERS and LIEUTENANT GENERAL TODD T. SEMONITE (in his official capacity as U.S. Army Chief of Engineers and Commanding General of the U.S. Army Corps of Engineers, | |
| Defendants, | |
| TC ENERGY CORPORATION and TRANSCANADA KEYSTONE PIPELINE LP, | |
| Intervenor-Defendants. | |

Intervenor-Applicant State of Montana ("Montana") submits this Proposed Answer in accordance with Rule 24(c) of the Federal Rules of Civil Procedure and Local Rule 24.1(b)(3)(B). In answering the specific allegations in the First Amended Complaint for Declaratory and Injunctive Relief, *see* ECF No. 36, ("Amended Complaint") filed by Northern Plains Resource Council, Bold Alliance, Natural Resources Defense Council, Sierra Club, Center for Biological Diversity, and Friends of the Earth (together, "Plaintiffs") in numbered paragraphs corresponding with those of the Amended Complaint, Montana alleges as follows:

## INTRODUCTION

1.     Paragraph 1 is Plaintiffs' characterization of the case, to which no response is required.

2.     The allegations in Paragraph 2 constitute conclusions of law, to which no response is required.

3.     Montana lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 3.

4.     The allegations in Paragraph 4 constitute conclusions of law, to which no response is required.

5.     The allegations in the second sentence of Paragraphs 5 purport to characterize documents or the contents of documents that speak for themselves and are therefore the best evidence of their contents; therefore, no response is required.

The allegations in the remainder of Paragraph 5 constitute conclusions of law, to which no response is required.

6-10. The allegations in Paragraphs 6-10 constitute conclusions of law, to which no response is required.

11.   Montana admits the allegations in the first sentence of Paragraph 11. The allegations in the second and fourth sentences of Paragraphs 11 purport to characterize documents or the contents of documents that speak for themselves and are therefore the best evidence of their contents; therefore, no response is required. The allegations in the third, fifth, and sixth sentences of paragraph 11 constitute conclusions of law, to which no response is required.

12.   The allegations in Paragraphs 12 purport to characterize documents or the contents of documents that speak for themselves and are therefore the best evidence of their contents; therefore, no response is required.

13.   The allegations in Paragraph 13 constitute conclusions of law and Plaintiffs' request for relief, to which no response is required. To the extent a response may be deemed required, Montana denies that Plaintiffs are entitled to the relief sought or to any other form of relief.

## JURISDICTION AND VENUE

14-16. The allegations in Paragraphs 14-16 constitute conclusions of law, to which no response is required.

## PARTIES

### Plaintiffs

17-25. Montana lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 17-25.

26-28 The allegations in Paragraphs 26-28 constitute conclusions of law, to which no response is required.

29.     The allegations in Paragraph 29 constitute Plaintiffs' request for relief, to which no response is required. To the extent a response may be deemed required, Montana denies that Plaintiffs are entitled to the relief sought or to any other form of relief.

### Defendants

30.     Montana admits the allegations in Paragraph 30.

31.     Montana admits the allegations in the first sentence of Paragraph 31. The remainder of allocations in Paragraph 31 constitute conclusions of law, to which no response is required.

## LEGAL BACKGROUND

### The Clean Water Act

32-47. The allegations in Paragraphs 32-47 constitute conclusions of law, to which no response is required.

## The National Environmental Policy Act

48-58.   The allegations in Paragraphs 48-58 constitute conclusions of law, to which no response is required.

## The Endangered Species Act

59-72.   The allegations in Paragraphs 59-72 constitute conclusions of law, to which no response is required.

## The Administrative Procedure Act

73.     The allegations in Paragraph 73 constitute conclusions of law, to which no response is required.

## FACTS

## The Corps' Reissuance of NWP 12

74.     Montana admits the allegations in Paragraph 74.

75.     Montana lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 75.

76.     Montana admits the allegations in Paragraph 76.

77-91. The allegations in Paragraphs 77-91 purport to characterize documents or the contents of documents that speak for themselves and are therefore the best evidence of their contents; therefore, no response is required.

## The Corps' NEPA Documents for NWP 12

92.    The allegations in Paragraph 92 constitute conclusions of law, to which no response is required.

93-102. The allegations in Paragraphs 93-102 purport to characterize documents or the contents of documents that speak for themselves and are therefore the best evidence of their contents; therefore, no response is required.

## The Corps' Failure to Undertake Programmatic ESA Consultation for the Reissuance of NWP

The allegation in the unnumbered paragraph constitute Plaintiffs' legal conclusions to which no response is required.

103.    The allegations in Paragraph 103 constitute conclusions of law, to which no response is required.

104.    The allegations in Paragraph 104 purport to characterize documents or the contents of documents that speak for themselves and are therefore the best evidence of their contents; therefore, no response is required.

105.    Montana denies the allegations in Paragraph 105.

106-109. The allegations in Paragraphs 106-109 purport to characterize documents or the contents of documents that speak for themselves and are therefore the best evidence of their contents; therefore, no response is required.

## TC Energy's Keystone Pipeline Project

110.    Montana admits the allegations in Paragraph 110.

PROPOSED ANSWER OF INTERVENOR-APPLICANT STATE OF MONTANA
PAGE 6

111.   Montana admits the allegation in the first and second sentences of Paragraph 111. Montana lacks knowledge or information sufficient to form a belief about the truth of the remainder of the allegations in Paragraph 111.

112.   Montana lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 112.

113.   Montana denies the allegations of Paragraph 113.

114.   Montana lacks knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of Paragraph 114. Montana denies the remainder of Paragraph 114.

115.   Montana lacks knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of Paragraph 115. The remainder of the allegations in Paragraph 115 purport to characterize documents or the contents of documents that speak for themselves and are therefore the best evidence of their contents; therefore, no response is required.

116.   Montana lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 116.

117.   The allegations in Paragraph 117 purport to characterize documents or the contents of documents that speak for themselves and are therefore the best evidence of their contents; therefore, no response is required.

118-119. Montana lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 118-119.

120.    The allegations in the second sentence of Paragraph 120 purport to characterize documents or the contents of documents that speak for themselves and are therefore the best evidence of their contents; therefore, no response is required. Montana lacks knowledge or information sufficient to form a belief about the truth of the remainder of allegations in Paragraph 120.

121-125. Montana lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 121-125.

126.    The allegations in Paragraph 126 purport to characterize documents or the contents of documents that speak for themselves and are therefore the best evidence of their contents; therefore, no response is required.

127.    Montana lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 127.

128.    The allegations in Paragraph 128 constitute conclusions of law, to which no response is required.

129-130. The allegations in Paragraphs 129-130 purport to characterize documents or the contents of documents that speak for themselves and are therefore the best evidence of their contents; therefore, no response is required.

131-133. Montana lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 131-133.

134-136. The allegations in Paragraphs 134-136 purport to characterize documents or the contents of documents that speak for themselves and are therefore the best evidence of their contents; therefore, no response is required.

### The State Department's Approval of Keystone XL

137-149. The allegations in Paragraphs 137-149 purport to characterize documents or the contents of documents that speak for themselves and are therefore the best evidence of their contents; therefore, no response is required.

150-151. Montana lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 150-151.

### The Corps' Approval of Keystone XL

152-153. The allegations in Paragraphs 152-153 purport to characterize documents or the contents of documents that speak for themselves and are therefore the best evidence of their contents; therefore, no response is required.

154.   Montana lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 154.

155-161. The allegations in Paragraphs 155-161 purport to characterize documents or the contents of documents that speak for themselves and are therefore the best evidence of their contents; therefore, no response is required.

### Montana

162-165. The allegations in Paragraphs 162-165 purport to characterize documents or the contents of documents that speak for themselves and are therefore the best evidence of their contents; therefore, no response is required.

167.    Montana lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 167.

### South Dakota

168-171. The allegations in Paragraphs 168-171 purport to characterize documents or the contents of documents that speak for themselves and are therefore the best evidence of their contents; therefore, no response is required.

172.    Montana lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 172.

### Nebraska

173-179. The allegations in Paragraphs 173-179 purport to characterize documents or the contents of documents that speak for themselves and are therefore the best evidence of their contents; therefore, no response is required.

180.    Montana lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 180.

## The Corps' Failure to Undertake Project-Specific ESA Consultation for Keystone XL

The allegation in the unnumbered paragraph constitute Plaintiffs' legal conclusions to which no response is required.

181-188. The allegations in Paragraphs 181-188 purport to characterize documents or the contents of documents that speak for themselves and are therefore the best evidence of their contents; therefore, no response is required.

### The Corps' Recent Suspension of the KXL Verifications

The allegation in the unnumbered paragraph constitute Plaintiffs' legal conclusions to which no response is required.

189-190. The allegations in Paragraphs 189-190 purport to characterize documents or the contents of documents that speak for themselves and are therefore the best evidence of their contents; therefore, no response is required.

## FIRST CLAIM FOR RELIEF

### The Corps' reissuance of NWP 12 violated the National Environmental Policy Act, 42 U.S.C. §§ 4321 et seq., applicable regulations, and the Administrative Procedure Act, 5 U.S.C. §§ 701-706

The allegation in the unnumbered paragraph constitute Plaintiffs' legal conclusions to which no response is required.

191.   Montana incorporates by reference its responses to the allegations of the preceding paragraphs.

192.    The allegations in Paragraph 192 constitute conclusions of law, to which no response is required.

193.    The allegations of Paragraph 193 purport to characterize documents or the contents of documents that speak for themselves and are therefore the best evidence of their contents; therefore, no response is required.

194-197. The allegations in Paragraphs 194-197 constitute conclusions of law, to which no response is required.

## SECOND CLAIM FOR RELIEF

### The Corps' reissuance of NWP 12 violated the Clean Water Act, 33 U.S.C. § 1344(e), applicable regulations, and the Administrative Procedure Act, 5 U.S.C. §§ 701-706

The allegation in the unnumbered paragraph constitute Plaintiffs' legal conclusions to which no response is required.

198.    Montana incorporates by reference its responses to the allegations of the preceding paragraphs.

199.    The allegations in Paragraph 199 constitute conclusions of law, to which no response is required.

200-204. The allegations of Paragraphs 200-204 purport to characterize documents or the contents of documents that speak for themselves and are therefore the best evidence of their contents; therefore, no response is required.

205.   The allegations in Paragraph 205 constitute conclusions of law, to which no response is required.

## THIRD CLAIM FOR RELIEF

### The Corps' issuance of NWP 12 verifications and other approvals for Keystone XL violated the Clean Water Act, 33 U.S.C. § 1344(e), applicable regulations, the terms and conditions of NWP 12, and the Administrative Procedure Act, 5 U.S.C. §§ 701-706

The allegation in the unnumbered paragraph constitute Plaintiffs' legal conclusions to which no response is required.

206.   Montana incorporates by reference its responses to the allegations of the preceding paragraphs.

207-209. The allegations of Paragraphs 207-209 purport to characterize documents or the contents of documents that speak for themselves and are therefore the best evidence of their contents; therefore, no response is required.

210-214. The allegations in Paragraphs 210-214 constitute conclusions of law, to which no response is required.

215.   Montana lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 215.

216-217. The allegations in Paragraphs 216-217 constitute conclusions of law, to which no response is required.

## FOURTH CLAIM FOR RELIEF

### The Corps' reissuance of NWP 12 violated the Endangered Species Act, 16 U.S.C. §§ 1531-1544, and applicable regulations, and the Administrative Procedure Act, 5 U.S.C. §§ 701-706

The allegation in the unnumbered paragraph constitute Plaintiffs' legal

conclusions to which no response is required.

218.   Montana incorporates by reference its responses to the allegations of

the preceding paragraphs.

219-227. The allegations in Paragraphs 219-227 constitute conclusions of law,

to which no response is required.

## FIFTH CLAIM FOR RELIEF

### The Corps' issuance of NWP 12 verifications and other approvals for Keystone XL violated the Endangered Species Act, 16 U.S.C. §§ 1531-1544, and applicable regulations, and the Administrative Procedure Act, 5 U.S.C. §§ 701-706

The allegation in the unnumbered paragraph constitute Plaintiffs' legal

conclusions to which no response is required.

228.   Montana incorporates by reference its responses to the allegations of

the preceding paragraphs.

229-236. The allegations in Paragraphs 229-236 constitute conclusions of law,

to which no response is required.

## PRAYER FOR RELIEF

The remainder of Amended Complaint constitutes Plaintiffs' request for relief, to which no response is required. To the extent a response may be deemed required, Montana denies that Plaintiffs are entitled to the relief sought or to any other form of relief.

## GENERAL DENIAL

Montana denies every allegation in the Complaint not expressly admitted above, including any for which Montana deems no response to be required (should the Court determine otherwise).

## AFFIRMATIVE DEFENSES

1.     Montana incorporates by reference the defenses asserted by the Federal Defendants.

2.     Montana reserves the right to identify additional defenses.

Dated this 7th day of October, 2019.

TIMOTHY C. FOX
Montana Attorney General
215 North Sanders
P.O. Box 201401
Helena, MT 59620-1401

By: _____
ROB CAMERON
Deputy Attorney General

Counsel for Proposed Defendant-Intervenor

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true and correct copy of the foregoing to be

mailed, first class postage paid, to:

Amy R. Atwood
Center for Biological Diversity – Portland
PO Box 11374
Portland, OR 97211-0374
atwood@biologicaldiversity.org

Timothy M. Bechtold
Bechtold Law Firm
PO Box 7051
Missoula, MT 59807-7051
tim@bechtoldlaw.net

Benjamin James Grillot
Kristofor R. Swanson
U.S. Department of Justice
PO Box 7611
Washington, DC 20044-7611
benjamin.grillot@usdoj.gov
kristofor.swanson@usdoj.gov

Douglas P. Hayes
Eric E. Huber
Sierra Club
1650 38th Street
Suite 102W
Boulder, CO 80301
doug.hayes@sierraclub.org
eric.huber@sierraclub.org

Jeffrey M. Roth
Crowley Fleck PLLP-Missoula
305 South 4th Street
Suite 100
PO Box 7099
Missoula, MT 59807
jroth@crowleyfleck.com

Jeffery J. Oven
Mark L. Stermitz
Crowley Fleck PLLP-Billings
490 North 31st Street, Suite 500
PO Box 2529
Billings, MT 59103-2529
joven@crowleyfleck.com
mstermitz@crowleyfleck.com

Jaclyn H. Prange
Cecilia D. Segal
Natural Resources Defense Council
San Francisco
111 Sutter Street, Floor 21
San Francisco, CA 94104
jprange@nrdc.org
csegal@nrdc.org

Jared Michael Margolis
Center for Biological Diversity
2852 Willamette St. #171
Eugene, OR 97405
jmargolis@biologicaldiversity.org

Peter R. Steenland
Peter Christopher Whitfield
Sidley Austin LLP – Washington DC
1501 K Street, N.W.
Washington, DC 20005
psteenland@sidley.com
pwhitfield@sidley.com


Dated:  October 7, 2019

ROB CAMERON
Deputy Attorney General