Jeffery J. Oven
Mark L. Stermitz
Jeffrey M. Roth
CROWLEY FLECK PLLP
490 North 31st Street, Ste. 500
Billings, MT 59103-2529
Telephone: 406-252-3441
Email: joven@crowleyfleck.com
       mstermitz@crowleyfleck.com
       jroth@crowleyfleck.com

Peter R. Steenland
Peter C. Whitfield
SIDLEY AUSTIN LLP
1501 K Street, NW
Washington, DC 20005
Telephone: 202-736-8000
Email: psteenland@sidley.com
       pwhitfield@sidley.com

*Counsel for TransCanada Keystone Pipeline, LP and TC Energy Corporation*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## GREAT FALLS DIVISION

| | |
|---|---|
| NORTHERN PLAINS RESOURCE COUNCIL, BOLD ALLIANCE, NATURAL RESOURCES DEFENSE COUNCIL, SIERRA CLUB, CENTER FOR BIOLOGICAL DIVERSITY, and FRIENDS OF THE EARTH, <br><br> Plaintiffs, <br><br> vs. <br><br> UNITED STATES ARMY CORPS OF ENGINEERS and LT. GENERAL TODD T. SEMONITE (in his official capacity as U.S. Army Chief of Engineers and Commanding General of the U.S. Army Chief of Engineers), <br><br> Defendants. <br><br> TRANSCANADA KEYSTONE PIPELINE, LP, a Delaware limited partnership, and TC | CV 19-44-GF-BMM <br><br> **ANSWER BY TRANSCANADA KEYSTONE PIPELINE, LP AND TC ENERGY CORPORATION** |

ENERGY CORPORATION, a Canadian
Public company,

                              Defendant-Intervenors.

TransCanada Keystone Pipeline, LP ("Keystone") and TC Energy Corporation (collectively "TC Energy") hereby respectfully submit an answer to the Amended Complaint (Doc. 36) submitted by the Northern Plains Resource Council, Bold Alliance, Natural Resources Defense Council, Sierra Club, Center for Biological Diversity, and Friends of the Earth ("Plaintiffs"). TC Energy provides its responses in the numbered paragraphs below, which correspond to the numbered paragraphs in the Amended Complaint.  In the responses below, TC Energy replicates the headings from Plaintiffs' Amended Complaint.  TC Energy's duplication of these headings does not constitute an admission or response regarding any allegation contained in the headings.

## INTRODUCTION

1.      The allegations in the first sentence of this paragraph constitute Plaintiffs' characterization of their complaint, to which no response is required.  To the extent a responsive pleading is necessary, TC Energy denies the allegations in the first sentence.  TC Energy denies the allegations in the second sentence of this paragraph.

2.      The allegations in the first, second and third sentences of this paragraph purport to characterize this Court's summary judgment decisions in the previous litigation, which speak for themselves and are the best evidence of their content. TC Energy admits the allegations in the fourth sentence of this paragraph. The allegations in the fifth sentence of this paragraph purport to characterize statements by the United States Department of State, which speak for themselves and are the best evidence of their content.  Regarding the allegations in the sixth sentence of this paragraph, TC Energy admits that a supplemental environmental analysis under the National Environmental Policy Act (NEPA) is being conducted by the federal government.

3.      TC Energy denies the allegations in this paragraph.

4.      The allegations in the first sentence of this paragraph purport to characterize Section 404(e) of the Clean Water Act (CWA), which speaks for itself and is the best evidence of its content.  TC Energy is without knowledge or information sufficient to admit or deny the allegations in the second and third sentences of this paragraph.

5.      The allegations in the first and second sentence of this paragraph purport to characterize Nationwide Permit 12 (NWP 12) and the supporting decision document issued by the US Army Corps of Engineers (Corps), which speak for themselves and are the best evidence of their content. TC Energy is

without knowledge or information sufficient to admit or deny the allegations in the third and fourth sentences of this paragraph.

6.      TC Energy denies the allegations in the first sentence of this paragraph. The allegations in the remaining sentences of this paragraph purport to characterize the environmental assessment (EA) prepared for NWP 12, which speaks for itself and is the best evidence of its content.

7.      TC Energy denies the allegations in the first and fourth sentences of this paragraph. The allegations in the second and third sentences of this paragraph purport to characterize NWP 12, which speaks for itself and is the best evidence of its content.

8.      The allegations in this paragraph purport to characterize 82 Fed. Reg. 1860, which speaks for itself and is the best evidence of its content.

9.      TC Energy is without knowledge or information sufficient to admit or deny the allegations in the first and second sentences of this paragraph. TC Energy denies the allegations in the third sentence of this paragraph.

10.      TC Energy denies the allegations in this paragraph.

11.      Regarding the allegations in the first sentence of this paragraph, TC Energy admits that it is the project proponent for the Keystone XL Pipeline, which is a proposed pipeline that would run from Hardisty, Alberta to Steele City Nebraska for a distance of 1,210 miles. Regarding the allegations in the second

sentence of this paragraph, TC Energy admits that it submitted preconstruction notifications (PCNs) to the Corps, but avers that it has withdrawn those PCNs and the Corps has suspended those PCNs. TC Energy denies all remaining claims in this paragraph.

12.     Regarding the allegations in the first sentence of this paragraph, TC Energy admits that the Corps suspended the NWP 12 verifications for the Keystone XL Pipeline and denies the remaining allegations.  TC Energy is without knowledge or information sufficient to admit or deny the allegations in the second sentence of this paragraph.

13.     The allegations in this paragraph purport to characterize the relief Plaintiffs seek.  To the extent a responsive pleading is required, TC Energy denies that Plaintiffs are entitled to such relief.

## JURISDICTION AND VENUE

14.     The claims in this paragraph constitute legal conclusions, to which no response is required.  TC Energy denies Plaintiffs' claim that this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1361, 2201-02.

15.     TC Energy admits that venue is proper in this court.  TC Energy admits that Keystone XL enters the United States in Montana and crosses waterways under the jurisdiction of the Corps in Montana.  TC Energy denies the remaining allegations in this paragraph.

16.     TC Energy admits the allegations in the first and third sentences of this paragraph.  TC Energy denies the remaining allegations in this paragraph.

## PARTIES

### Plaintiffs

17.     TC Energy is without knowledge or information sufficient to admit or deny the allegations in this paragraph.

18.     TC Energy is without knowledge or information sufficient to admit or deny the allegations in this paragraph.

19.     TC Energy is without knowledge or information sufficient to admit or deny the allegations in this paragraph.

20.     TC Energy is without knowledge or information sufficient to admit or deny the allegations in this paragraph.

21.     TC Energy is without knowledge or information sufficient to admit or deny the allegations in this paragraph.

22.     TC Energy is without knowledge or information sufficient to admit or deny the allegations in this paragraph.

23.     TC Energy is without knowledge or information sufficient to admit or deny the allegations in this paragraph.

24.     TC Energy is without knowledge or information sufficient to admit or deny the allegations in this paragraph.

25.     TC Energy is without knowledge or information sufficient to admit or deny the allegations in this paragraph.

26.     TC Energy denies the allegations in this paragraph.

27.     TC Energy denies the allegations in this paragraph.

28.     TC Energy denies the allegations in this paragraph.

29.     TC Energy denies the allegations in this paragraph.

## Defendants

30.     TC Energy admits the allegations in this paragraph.

31.     TC Energy admits the allegations in this paragraph.

# LEGAL BACKGROUND

## The Clean Water Act

32.     The allegations in this paragraph purport to characterize the Clean Water Act, which speaks for itself and is the best evidence of its content.

33.     The allegations in this paragraph purport to characterize the Clean Water Act and federal regulations, which speak for themselves and are the best evidence of their content.

34.     The allegations in this paragraph purport to characterize federal regulations, which speak for themselves and are the best evidence of their content.

35.     The allegations in this paragraph purport to characterize the Clean Water Act and federal regulations, which speak for themselves and are the best evidence of their content.

36.     The allegations in this paragraph constitute legal conclusions.  To the extent a responsive pleading is necessary, TC Energy denies the allegations in this paragraph.

37.     TC Energy denies the allegations in the first sentence of this paragraph. The remaining allegations in this paragraph purport to characterize federal regulations, which speak for themselves and are the best evidence of their content.

38.     The allegations in this paragraph purport to characterize the Clean Water Act and federal regulations, which speak for themselves and are the best evidence of their content.

39.     The allegations in this paragraph purport to characterize the Clean Water Act and federal regulations, which speak for themselves and are the best evidence of their content.

40.     The allegations in this paragraph purport to characterize federal regulations, which speak for themselves and are the best evidence of their content.

41.     The allegations in this paragraph purport to characterize federal regulations, which speak for themselves and are the best evidence of their content.

42.    The allegations in this paragraph purport to characterize federal regulations, which speak for themselves and are the best evidence of their content.

43.    The allegations in this paragraph purport to characterize federal regulations, which speak for themselves and are the best evidence of their content.

44.    The allegations in this paragraph purport to characterize federal regulations, which speak for themselves and are the best evidence of their content.

45.    The allegations in this paragraph purport to characterize federal regulations, which speak for themselves and are the best evidence of their content.

46.    The allegations in this paragraph purport to characterize federal regulations, which speak for themselves and are the best evidence of their content.

47.    The allegations in this paragraph purport to characterize federal regulations, which speak for themselves and are the best evidence of their content.

## The National Environmental Policy Act

48.    The allegations in this paragraph purport to characterize the National Environmental Policy Act (NEPA), which speaks for itself and is the best evidence of its content.

49.    The allegations in the first sentence of this paragraph purport to characterize NEPA and federal regulations, which speak for themselves and are the best evidence of their content.  The allegations in the second sentence of this paragraph constitute legal conclusions.  To the extent a responsive pleading is

necessary, TC Energy denies the allegations in the second sentence of this paragraph.

50.     The allegations in this paragraph purport to characterize NEPA and federal regulations, which speak for themselves and are the best evidence of their content.

51.     The allegations in this paragraph purport to characterize NEPA and federal regulations, which speak for themselves and are the best evidence of their content.

52.     The allegations in this paragraph purport to characterize federal regulations, which speak for themselves and are the best evidence of their content.

53.     The allegations in this paragraph purport to characterize federal regulations, which speak for themselves and are the best evidence of their content.

54.     The allegations in the first and second sentences of this paragraph purport to characterize federal regulations, which speak for themselves and are the best evidence of their content.  The allegations in the third sentence of this paragraph constitute legal conclusions.  To the extent a responsive pleading is required, TC Energy denies the allegations in the third sentence of this paragraph.

55.     The allegations in this paragraph purport to characterize federal regulations, which speak for themselves and are the best evidence of their content.

56.     The allegations in this paragraph purport to characterize federal regulations, which speak for themselves and are the best evidence of their content.

57.     The allegations in this paragraph purport to characterize federal regulations, which speak for themselves and are the best evidence of their content.

58.     The allegations in this paragraph purport to characterize federal regulations, which speak for themselves and are the best evidence of their content.

## The Endangered Species Act

59.     The allegations in this paragraph purport to characterize the Endangered Species Act (ESA), which speaks for itself and is the best evidence of its content.

60.     The allegations in this paragraph purport to characterize federal regulations, which speak for themselves and are the best evidence of their content.

61.     The allegations in this paragraph purport to characterize the ESA and federal regulations, which speak for themselves and are the best evidence of their content.

62.     The allegations in this paragraph purport to characterize federal regulations, which speak for themselves and are the best evidence of their content.

63.     The allegations in this paragraph purport to characterize the ESA and federal regulations, which speak for themselves and are the best evidence of their content.

64.     The allegations in this paragraph purport to characterize federal regulations and a regulatory preamble, which speak for themselves and are the best evidence of their content.

65.     The allegations in this paragraph purport to characterize federal regulations, which speak for themselves and are the best evidence of their content.

66.     The allegations in this paragraph purport to characterize the ESA, federal regulations, and a regulatory preamble, which speak for themselves and are the best evidence of their content.

67.     The allegations in this paragraph purport to characterize federal regulations, which speak for themselves and are the best evidence of their content.

68.     The allegations in this paragraph purport to characterize the ESA and federal regulations, which speak for themselves and are the best evidence of their content.

69.     The allegations in this paragraph purport to characterize the ESA and federal regulations, which speak for themselves and are the best evidence of their content.

70.     The allegations in this paragraph purport to characterize the ESA and federal regulations, which speak for themselves and are the best evidence of their content.

71.     The allegations in this paragraph purport to characterize federal regulations and a regulatory preamble, which speak for themselves and are the best evidence of their content.

72.     The allegations in this paragraph purport to characterize federal regulations, which speak for themselves and are the best evidence of their content.

## The Administrative Procedure Act

73.     The allegations in this paragraph purport to characterize the Administrative Procedure Act, which speaks for itself and is the best evidence of its content.

## FACTS

## The Corps' Reissuance of NWP 12

74.     The allegations in this paragraph purport to characterize the Federal Register, which speaks for itself and is the best evidence of its contents.

75.     The allegations in this paragraph purport to characterize plaintiffs' comments, which speak for themselves and are the best evidence of their content.

76.     The allegations in this paragraph purport to characterize a Corps' decision published in the Federal Register, which speaks for itself and is the best evidence of its content.

77.    The allegations in this paragraph purport to characterize a Corps' decision published in the Federal Register, which speaks for itself and is the best evidence of its content.

78.    The allegations in this paragraph purport to characterize a Corps' decision published in the Federal Register, which speaks for itself and is the best evidence of its content.

79.    The allegations in this paragraph purport to characterize a Nationwide Permit 12, which speaks for itself and is the best evidence of its content.

80.    The allegations in this paragraph purport to characterize a Corps' decision published in the Federal Register, which speaks for itself and is the best evidence of its content.

81.    The allegations in the first sentence of this paragraph purport to characterize a Nationwide Permit 12, which speaks for itself and is the best evidence of its content.  TC Energy is without knowledge or information sufficient to admit or deny the allegations in the second sentence of this paragraph.

82.    The allegations in this paragraph purport to characterize the Federal Register, which speaks for itself and is the best evidence of its content.

83.    The allegations in this paragraph purport to characterize a Nationwide Permit 12, which speaks for itself and is the best evidence of its content.

84.     TC Energy is without knowledge or information sufficient to admit or deny the allegations in this paragraph.

85.     The allegations in this paragraph, including the footnoted statement, purport to characterize the Federal Register, which speaks for itself and is the best evidence of its content.

86.     The allegations in this paragraph purport to characterize a Corps' decision published in the Federal Register, which speaks for itself and is the best evidence of its content.

87.     The allegations in this paragraph purport to characterize the Federal Register, which speaks for itself and is the best evidence of its content.

88.     The allegations in this paragraph purport to characterize the Federal Register, which speaks for itself and is the best evidence of its content.

89.     The allegations in this paragraph purport to characterize the Federal Register, which speaks for itself and is the best evidence of its content.

90.     The allegations in this paragraph purport to characterize the Federal Register, which speaks for itself and is the best evidence of its content.

91.     The allegations in this paragraph constitute legal conclusions.  To the extent a responsive pleading is required, TC Energy denies the allegations in this paragraph.

**The Corps' NEPA Documents for NWP 12**

92.     TC Energy admits the allegations in this paragraph.

93.     TC Energy is without knowledge or information sufficient to admit or deny the allegations in this paragraph.

94.     The allegations in this paragraph purport to characterize the Corps' environmental assessment (EA) prepared for Nationwide Permit 12, which speaks for itself and is the best evidence of its content.

95.     The allegations in this paragraph purport to characterize the Corps' EA prepared for Nationwide Permit 12, which speaks for itself and is the best evidence of its content.

96.     The allegations in this paragraph purport to characterize the Corps' EA prepared for Nationwide Permit 12, which speaks for itself and is the best evidence of its content.

97.     The allegations in this paragraph purport to characterize the Corps' EA prepared for Nationwide Permit 12, which speaks for itself and is the best evidence of its content.

98.     The allegations in this paragraph purport to characterize the Corps' EA prepared for Nationwide Permit 12, which speaks for itself and is the best evidence of its content.

99.     The allegations in the first and second sentences of this paragraph purport to characterize the Corps' EA prepared for Nationwide Permit 12, which speaks for itself and is the best evidence of its content. TC Energy is without knowledge or information sufficient to admit or deny the allegations in the third sentence of this paragraph.

100.    The allegations in this paragraph purport to characterize a Supplemental Decision Document prepared by the Corps' Omaha district office, which speaks for itself and is the best evidence of its content.

101.    The allegations in this paragraph purport to characterize a Supplemental Decision Document prepared by the Corps' Omaha district office, which speaks for itself and is the best evidence of its content.

102.    The allegations in this paragraph purport to characterize a Supplemental Decision Document prepared by the Corps' Omaha district office, which speaks for itself and is the best evidence of its content.

## The Corps' Failure to Undertake Programmatic ESA Consultation for the Reissuance of NWP 12

103.    TC Energy denies the allegations in this paragraph.

104.    The allegations in this paragraph purport to characterize the Corps' Decision Document for Nationwide Permit 12, which speaks for itself and is the best evidence of its content.

105.    TC Energy denies the allegations in this paragraph.

106.   TC Energy is without knowledge or information sufficient to admit or deny the allegations in this paragraph.

107.   TC Energy denies the allegations in the first sentence of this paragraph. TC Energy is without knowledge or information sufficient to admit or deny the allegations in the second sentence of this paragraph.

108.   The allegations in this paragraph purport to characterize the Federal Register, which speaks for itself and is the best evidence of its content.

109.   TC Energy denies the allegations in the first, second, and third sentences of this paragraph. TC Energy is without knowledge or information sufficient to admit or deny the allegations in the fourth sentence of this paragraph.

## TC Energy's Keystone XL Pipeline Project

110.   Regarding the first and second sentences in this paragraph, TC Energy admits that the Keystone XL pipeline would be approximately three feet in diameter and would run from Hardisty, Alberta to Steele City, Nebraska through Montana and South Dakota for a distance of approximately 1,210 miles and denies all other allegations.  TC Energy admits the allegations in the third sentence of this paragraph. Regarding the allegations in the fourth sentence of this paragraph, TC Energy admits the project would cross 45 miles of federal lands administered by the Bureau of Land Management, including an area near the U.S.-Canada border crossing and denies the remaining allegations.

111.   Regarding the first sentence of this paragraph, TC Energy admits that the Keystone XL pipeline would transport crude oil from Alberta, Canada to Steele City, Nebraska and denies all remaining allegations.  TC Energy admits the allegations in the second sentence of this paragraph.  TC Energy admits the allegations in the third and fourth sentences of this paragraph.  TC Energy is without knowledge or information sufficient to admit or deny the allegations in the fifth sentence of this paragraph.

112.   The allegations in this paragraph are vague and on that basis TC Energy denies the allegations.

113.   TC Energy denies the allegations in the first sentence of this paragraph. Regarding the allegations in the second sentence of this paragraph TC Energy admits that Western Canadian Sedimentary Basin crude oil can be mined in Alberta, Canada and denies the remaining allegations.

114.   TC Energy is without knowledge or information sufficient to admit or deny the allegations in the first sentence of this paragraph.  TC Energy denies the allegations in the second sentence of this paragraph.

115.   The allegations in the first sentence of this paragraph are vague and TC Energy denies them on that basis. The allegations in the second sentence of this paragraph purport to characterize the NEPA review for Keystone XL, which speaks for itself and is the best evidence of its content.

116.   TC Energy denies the allegations in the first sentence of this paragraph. TC Energy is without knowledge or information sufficient to admit or deny the allegations in the second sentence of this paragraph.

117.   The allegations in the first sentence of this paragraph purport to characterize data from the National Oceanic and Atmospheric Administration, which speaks for itself and is the best evidence of its content.  TC Energy is without knowledge or information sufficient to admit or deny the allegations in the second sentence of this paragraph.

118.   TC Energy denies the allegations in the first, second, and fourth sentences of this paragraph. The allegations in the third sentence of this paragraph are vague and TC Energy denies the allegations.

119.   TC Energy is without knowledge or information sufficient to admit or deny the allegations in this paragraph.

120.   TC Energy denies the allegations in the first sentence of this paragraph. The allegations in the second sentence of this paragraph purport to characterize a statement from TC Energy, which speaks for itself and is the best evidence of its content. Regarding the allegations in the third sentence of this paragraph, TC Energy admits that in the first year of operation of Keystone I that there were several *de minimis* releases from above-ground pump-station facilities and denies all remaining allegations. The allegations in the fourth sentence of this

paragraph and TC Energy denies the allegations.  Regarding the allegations in the fifth and sixth sentences of this paragraph, TC Energy admits that in South Dakota, Keystone I released 16,800 gallons in April 2016 and 210,000 gallons in November 2017 and denies all remaining allegations in this paragraph.

121.   TC Energy denies the allegations in the first and fifth sentences of this paragraph. TC Energy admits the allegations in the second and third sentences of this paragraph. TC Energy is without knowledge or information sufficient to admit or deny the allegations in the fourth sentence of this paragraph.

122.   TC Energy denies the allegations in the first sentence of this paragraph. Regarding the allegations in the second and third sentences of this paragraph, TC Energy admits it would install pipeline under major rivers using horizontal directional drilling in 14 waterbody crossings, which entails the use of drilling fluids, and denies all remaining allegations.

123.   TC Energy admits the allegations in this paragraph.

124.   Regarding the allegations in the first sentence of this paragraph, TC Energy admits that it would use an open cut method to cross some waterways and denies the remaining allegations.  The allegations in the second sentence of this paragraph are vague and therefore TC Energy denies the allegations.  TC Energy denies the allegations in the third sentence of this paragraph.

125. TC Energy denies the allegations in the first sentence of this paragraph. TC Energy admits the allegations in the second sentence of this paragraph. TC Energy is without knowledge or information sufficient to admit or deny the allegations in the third sentence of this paragraph. TC Energy denies the allegations in the fourth and fifth sentences of this paragraph.

126. The allegations in this paragraph purport to characterize the State Department's analysis, which speaks for itself and is the best evidence of its content.

127. TC Energy admits the allegations in this paragraph.

128. TC Energy denies the allegations in this paragraph.

129. The allegations in the first sentence of this paragraph purport to characterize statements by the Fish and Wildlife Service (FWS) and State Department, which speak for themselves and are the best evidence of their content. TC Energy denies the allegations in the second and third sentences of this paragraph. The allegations in the fourth sentence of this paragraph are vague and therefore TC Energy denies the allegations.

130. The allegations in the first and second sentences of this paragraph purport to characterize the Region 6 Guidance for Minimizing Effects from Power Line Projects within the Whooping Crane Migration Corridor, which speaks for itself and is the best evidence of its content. TC Energy is without knowledge or

information sufficient to admit or deny the allegations in the third, fourth, and fifth sentences of this paragraph. TC Energy denies the allegations in the sixth sentence of this paragraph.

131.    TC Energy denies the allegations in the first and second sentences of this paragraph. TC Energy is without knowledge or information sufficient to admit or deny the allegations in the third sentence of this paragraph.

132.    The allegations in this paragraph are vague and therefore TC Energy denies the allegations.

133.    Regarding the allegations in the first sentence of this paragraph, TC Energy admits that it has plans to drill under the Milk River (milepost 83.41) and the Missouri River (milepost 89.66) in Montana, and that pallid sturgeon are present in both rivers, and denies the remaining allegations.  Regarding the allegations in the second sentence of this paragraph, TC Energy admits that between milepost 73 and 100 that Keystone XL construction could involve 41 waterway crossings utilizing conventional trenching methods and denies the remaining allegations.  TC Energy denies the allegations in the third and fourth sentences of this paragraph.

134.    The allegations in this paragraph purport to characterize the State Department's analysis and Plaintiffs' comments, which speak for themselves and are the best evidence of their content.

135.   TC Energy denies the allegations in this paragraph.

136.   The allegations in the first and second sentences of this paragraph purport to characterize statements from the FWS and Department of State, which speak for themselves and are the best evidence of their content.  The allegations in the third sentence of this paragraph purport to characterize a 2013 incidental take statement (ITS), which speaks for itself and is the best evidence of its content.  TC Energy denies the allegations in the fourth sentence of this paragraph.

## The State Department's Approval of Keystone XL

137.   TC Energy admits that it submitted the first application for a Presidential Permit for Keystone XL in September 2008 and denies all remaining allegations in this paragraph.

138.   Regarding the allegations in the first sentence of this paragraph, TC Energy admits that the State Department acted as a lead agency in preparing a NEPA analysis of Keystone XL and denies all remaining allegations.  TC Energy is without knowledge or information sufficient to admit or deny the allegations in the second sentence of this paragraph.  TC Energy denies the allegations in the third sentence of this paragraph. Regarding the allegations in the fourth sentence of this paragraph, TC Energy admits that it reapplied for a Presidential Permit on May 4, 2012 and that the Gulf Coast Pipeline is now operational and denies all remaining allegations.

139.   The allegations in this paragraph purport to characterize a 2012 biological assessment for Keystone XL, which speaks for itself and is the best evidence of its content.

140.   The allegations in this paragraph purport to characterize a 2012 biological assessment for Keystone XL, which speaks for itself and is the best evidence of its content.

141.   The allegations in this paragraph purport to characterize a biological opinion (BiOp) issued for Keystone XL, which speaks for itself and is the best evidence of its content.

142.   The allegations in this paragraph purport to characterize the 2014 Final Supplemental Environmental Impact Statement for Keystone XL (2014 FSEIS), which speaks for itself and is the best evidence of its content.

143.   The allegations in this paragraph purport to characterize a 2015 Record of Decision for Keystone XL, which speaks for itself and is the best evidence of its content.

144.   The allegations in the first sentence of this paragraph purport to characterize a 2017 presidential memorandum, which speaks for itself and is the best evidence of its content.  TC Energy admits the allegations in the second sentence of this paragraph.

145.    The allegations in this paragraph purport to characterize the 2017 Record of Decision and National Interest Determination for Keystone XL, which speaks for itself and is the best evidence of its content.

146.    The allegations in this paragraph purport to characterize the Nebraska Public Service Commission's November 20, 2017 decision, which speaks for itself and is the best evidence of its content.  Regarding the allegations in the second sentence of this paragraph, TC Energy admits that the Mainline Alternative route for Keystone XL was longer than the preferred route, required an additional pump station, and would involve different water crossings.  TC Energy denies the remaining allegations in the second sentence of this paragraph. TC Energy admits the allegations in the third sentence of this paragraph.

147.    The allegations in this paragraph purport to characterize Plaintiffs' complaint and this Court's decisions in *N. Plains Res. Council v. Shannon*, 17-cv-31-GF-BMM (D. Mont.), which speak for themselves and are the best evidence of their content.

148.    Regarding the allegations in the first sentence of this paragraph, TC Energy admits that President Trump issued a cross-border permit for Keystone XL on March 29, 2019 while this court's decisions were on appeal to the Ninth Circuit and denies the remaining allegations. TC Energy admits the allegations in the second sentence of this paragraph.

149.   Regarding the allegations in this paragraph, TC Energy admits that on May 6, 2019, the State Department withdrew its 2012 biological assessment and requested the FWS to withdraw the 2013 BiOp, and that the FWS withdrew the 2013 BiOp and ITS.  TC Energy denies the remaining allegations in this paragraph.

150.   TC Energy admits the allegations in this paragraph and avers that on October 4, 2019 a Draft Supplemental Environmental Impact Statement was published.

151.   The allegations in this paragraph are vague and therefore TC Energy denies the allegations.  TC Energy avers that the FWS is analyzing the potential impacts of Keystone XL on protected species pursuant to the Endangered Species Act.

## The Corps' Approval of Keystone XL

152.   The allegations in this paragraph are vague and therefore TC Energy denies the allegations.

153.   Regarding the allegations in the first sentence of this paragraph, TC Energy admits it submitted 5 preconstruction notifications (PCNs) to the Corps on May 25, 2017 requesting verification of NWP 12 applicability for Keystone XL. The remaining allegations in this paragraph, including the footnote reference, purport to characterize the PCNs and the 2014 EIS, which speak for themselves and are the best evidence of their content.

154. TC Energy denies the allegations in this paragraph.

155. TC Energy denies the allegations in the first and third sentences of this paragraph. TC Energy is without knowledge or information sufficient to admit or deny the allegations in the second sentence of this paragraph.

156. The allegations in the first sentence of this paragraph purport to characterize the Corps' verifications and the Federal Register, which speak for themselves and are the best evidence of their content. TC Energy admits the allegations in the second sentence of this paragraph and avers that the Corps suspended the verifications for Yellowstone River crossing in Montana and the Cheyenne River crossing in South Dakota on August 2, 2019. TC Energy denies the allegations in the third sentence of this paragraph.

157. TC Energy denies the allegations in this paragraph.

158. The allegations in this paragraph purport to characterize the PCNs, which speak for themselves and are the best evidence of their content.

159. TC Energy is without knowledge or information sufficient to admit or deny the allegations in this paragraph.

160. TC Energy is without knowledge or information sufficient to admit or deny the allegations in this paragraph.

161. TC Energy is without knowledge or information sufficient to admit or deny the allegations in this paragraph.

Montana

162.  The allegations in this paragraph purport to characterize the Montana PCN for Keystone XL, which speaks for itself and is the best evidence of its content.

163.  The allegations in this paragraph purport to characterize the Montana PCN for Keystone XL, which speaks for itself and is the best evidence of its content.

164.  The allegations in this paragraph purport to characterize the Montana PCN for Keystone XL, which speaks for itself and is the best evidence of its content.

165.  The allegations in this paragraph purport to characterize the Corps' verification for the Keystone XL crossing of the Yellowstone River, which speaks for itself and is the best evidence of its content.

166.  The allegations in this paragraph purport to characterize the Corps' verification for the Keystone XL crossing of the Yellowstone River, which speaks for itself and is the best evidence of its content.

167.  Regarding the allegations in this paragraph, TC Energy admits that the Corps has not issued a Section 408 Permit or verification for the Missouri River crossing.  The remaining allegations in this paragraph are vague and therefore TC Energy denies the allegations.

## South Dakota

168.    The allegations in this paragraph purport to characterize the South Dakota PCN for Keystone XL, which speaks for itself and is the best evidence of its content.

169.    The allegations in this paragraph purport to characterize the South Dakota PCN for Keystone XL, which speaks for itself and is the best evidence of its content.

170.    The allegations in this paragraph purport to characterize the South Dakota PCN for Keystone XL, which speaks for itself and is the best evidence of its content.

171.    The allegations in this paragraph purport to characterize the Corps' verification for the Keystone XL crossing of the Cheyenne River, which speaks for itself and is the best evidence of its content.

172.    The allegations in this paragraph purport to characterize the Corps' verification for the Keystone XL crossing of the Cheyenne River, which speaks for itself and is the best evidence of its content.

## Nebraska

173.    The allegations in this paragraph purport to characterize the Nebraska PCN for Keystone XL, which speaks for itself and is the best evidence of its content.

174.   The allegations in this paragraph purport to characterize the Nebraska PCN for Keystone XL, which speaks for itself and is the best evidence of its content.

175.   The allegations in this paragraph purport to characterize the Nebraska PCN for Keystone XL, which speaks for itself and is the best evidence of its content.

176.   The allegations in this paragraph purport to characterize the Corps' June 22, 2017 letter to TC Energy, which speaks for itself and is the best evidence of its content.

177.   The allegations in this paragraph purport to characterize the Corps' June 22, 2017 letter to TC Energy, which speaks for itself and is the best evidence of its content.

178.   TC Energy admits the allegations in this paragraph.

179.   The allegations in this paragraph purport to characterize the Corps' November 22, 2017 letter to TC Energy, which speaks for itself and is the best evidence of its content.

180.   TC Energy admits that it has not submitted a revised PCN for Nebraska and denies the remaining allegations in this paragraph.

## The Corps' Failure to Undertake Project-Specific ESA Consultation for Keystone XL

181.   The allegations in this paragraph purport to characterize the Keystone XL PCNs, which speak for themselves and are the best evidence of their content.

182.   The allegations in this paragraph purport to characterize the Montana PCN for Keystone XL, which speaks for itself and is the best evidence of its content.

183.   The allegations in this paragraph purport to characterize the South Dakota PCN for Keystone XL, which speaks for itself and is the best evidence of its content.

184.   The allegations in this paragraph purport to characterize the Nebraska PCN for Keystone XL, which speaks for itself and is the best evidence of its content.

185.   The allegations in this paragraph purport to characterize the Federal Register and federal regulations, which speak for themselves and are the best evidence of their content.

186.   The allegations in this paragraph purport to characterize federal regulations, which speak for themselves and are the best evidence of their content.

187.   The allegations in the first, third, and fourth sentences of this paragraph purport to characterize the Corps' verifications of Keystone XL PCNs and a legal opinion from this Court, which speak for themselves and are the best

evidence of their content.  TC Energy denies the allegations in the second sentence of this paragraph.

188.   The allegations in the first and third sentences of this paragraph purport to characterize the KX PCNs, the Corps' verifications, and the Corps' June 22, 2017 letter to TC Energy, which speak for themselves and are the best evidence of their content.  TC Energy denies the allegations in the second sentence of this paragraph.

## The Corps' Recent Suspension of the Keystone XL Verifications

189.   TC Energy admits the allegations in the first sentence of this paragraph. The allegations in the second and third sentences of this paragraph purport to characterize the Corps' August 2, 2019 letter to TC Energy, which speaks for itself and is the best evidence of its content.  The allegations in the fourth sentence of this paragraph purport to characterize a federal regulation, which speaks for itself and is the best evidence of its content.  TC Energy admits the allegations in the fifth sentence of this paragraph.

190.   TC Energy is without knowledge or information sufficient to admit or deny the allegations in this paragraph.

# FIRST CLAIM FOR RELIEF

## The Corps' reissuance of NWP 12 violated the National Environmental Policy Act, 42 U.S.C. §§ 4321 et seq., applicable regulations, and the Administrative Procedure Act, 5 U.S.C. §§ 701-706

191.   TC Energy incorporates by reference its foregoing answers to all foregoing paragraphs of the Amended Complaint as if fully set forth herein.

192.   TC Energy admits the allegations in this paragraph.

193.   The allegations in the first sentence of this paragraph purport to characterize the EA for NWP 12, which speaks for itself and is the best evidence of its content.  TC Energy is without knowledge or information sufficient to admit or deny the allegations in the second sentence of this paragraph.

194.   TC Energy denies the allegations in this paragraph.

195.   TC Energy denies the allegations in this paragraph.

196.   TC Energy denies the allegations in this paragraph.

197.   TC Energy denies the allegations in this paragraph.

## SECOND CLAIM FOR RELIEF

## The Corps' reissuance of NWP 12 violated the Clean Water Act, 33 U.S.C. § 1344(e), applicable regulations, and the Administrative Procedure Act, 5 U.S.C. §§ 701-706

198.   TC Energy incorporates by reference its foregoing answers to all foregoing paragraphs of the Amended Complaint as if fully set forth herein.

199. The allegations in this paragraph purport to characterize the Clean Water Act, which speaks for itself and is the best evidence of its content.

200. The allegations in this paragraph purport to characterize the Federal Register, which speaks for itself and is the best evidence of its content.

201. The allegations in this paragraph purport to characterize NWP 12, which speaks for itself and is the best evidence of its content.

202. The allegations in this paragraph purport to characterize the Federal Register, which speaks for itself and is the best evidence of its content.

203. TC Energy denies the allegations in this paragraph.

204. TC Energy denies the allegations in this paragraph.

205. TC Energy denies the allegations in this paragraph.

## THIRD CLAIM FOR RELIEF

**The Corps' issuance of NWP 12 verifications and other approvals for Keystone XL violated the Clean Water Act, 33 U.S.C. § 1344(e), applicable regulations, the terms and conditions of NWP 12, and the Administrative Procedure Act, 5 U.S.C. §§ 701-706**

206. TC Energy incorporates by reference its foregoing answers to all foregoing paragraphs of the Amended Complaint as if fully set forth herein.

207. The allegations in this paragraph purport to characterize the Montana PCN for Keystone XL and the Corps' verification, which speak for themselves and are the best evidence of their content.

208.     The allegations in this paragraph purport to characterize the South Dakota PCN for Keystone XL and the Corps' verification, which speak for themselves and are the best evidence of their content.

209.     The allegations in the first sentence of this paragraph purport to characterize the Corps' June 22, 2017 letter to TC Energy, which speaks for itself and is the best evidence of its content.  TC Energy denies the allegations in the second sentence of this paragraph.

210.     TC Energy denies the allegations in this paragraph.

211.     TC Energy denies the allegations in this paragraph.

212.     TC Energy denies the allegations in this paragraph.

213.     TC Energy denies the allegations in this paragraph.

214.     TC Energy denies the allegations in this paragraph.

215.     Regarding the allegations in the first sentence of this paragraph, TC Energy admits the Corps suspended the Cheyenne and Yellowstone River verifications on August 2, 2019.  The remaining allegations in this paragraph are vague and therefore TC Energy denies the allegations.

216.     TC Energy denies the allegations in this paragraph.

217.     TC Energy denies the allegations in this paragraph.

# FOURTH CLAIM FOR RELIEF

## The Corps' reissuance of NWP 12 violated the Endangered Species Act, 16 U.S.C. §§ 1531-1544, and applicable regulations, and the Administrative Procedure Act, 5 U.S.C. §§ 701-706

218.   TC Energy incorporates by reference its foregoing answers to all foregoing paragraphs of the Amended Complaint as if fully set forth herein.

219.   The allegations in this paragraph purport to characterize the Endangered Species Act, which speaks for itself and is the best evidence of its content.

220.   TC Energy denies the allegations in this paragraph.

221.   TC Energy denies the allegations in this paragraph.

222.   TC Energy denies the allegations in this paragraph.

223.   The allegations in this paragraph purport to characterize federal regulations and the Federal Register, which speak for themselves and are the best evidence of their content.

224.   TC Energy denies the allegations in the first and third sentences of this paragraph. TC Energy is without knowledge or information sufficient to admit or deny the allegations in the second sentence of this paragraph.

225.   TC Energy denies the allegations in this paragraph.

226.   TC Energy denies the allegations in the first sentence of this paragraph. TC Energy is without knowledge or information sufficient to admit or deny the allegations in the second sentence of this paragraph.

227.   TC Energy denies the allegations in this paragraph.

## FIFTH CLAIM FOR RELIEF

**The Corps' issuance of NWP 12 verifications and other approvals for Keystone XL violated the Endangered Species Act, 16 U.S.C. §§ 1531-1544, and applicable regulations, and the Administrative Procedure Act, 5 U.S.C. §§ 701-706**

228.   TC Energy incorporates by reference its foregoing answers to all foregoing paragraphs of the Amended Complaint as if fully set forth herein.

229.   The allegations in this paragraph purport to characterize the Endangered Species Act, which speaks for itself and is the best evidence of its content.

230.   The allegations in this paragraph purport to characterize the Endangered Species Act and implementing regulations, which speak for themselves and are the best evidence of their content.

231.   TC Energy denies the allegations in this paragraph.

232.   TC Energy denies the allegations in this paragraph.

233.   TC Energy denies the allegations in this paragraph.

234.    The allegations in this paragraph purport to characterize NWP 12 and federal regulations, which speak for themselves and are the best evidence of their content.

235.    Regarding the allegations in the first sentence of this paragraph, TC Energy admits the Corps suspended the Cheyenne and Yellowstone River verifications on August 2, 2019.  The remaining allegations in this paragraph are vague and therefore TC Energy denies the allegations.

236.    TC Energy denies the allegations in this paragraph.

## PRAYER FOR RELIEF

As to any request for relief sought, TC Energy denies that Plaintiffs are entitled to any relief whatsoever.  TC Energy denies all allegations in paragraphs (a) through (g) of the Prayer for Relief.

## GENERAL DENIAL

As permitted by Rule 8(b)(3) of the Federal Rules of Civil Procedure, TC Energy expressly denies all allegations that it has not specifically admitted above.

## AFFIRMATIVE DEFENSES

1.    The Court lacks subject matter jurisdiction over Plaintiffs' claims.

2.    Plaintiffs' claims are not ripe for adjudication.

3.    Plaintiffs lack standing

DATED this 8th day of October, 2019,

CROWLEY FLECK PLLP                    SIDLEY AUSTIN LLP

/s/ Jeffery J. Oven                   /s/ Peter R. Steenland, Jr.
Jeffery J. Oven                       Peter R. Steenland, Jr.
Mark L. Stermitz                      Peter R. Whitfield
Jeffrey M. Roth                       1501 K Street, N.W.
490 North 31st Street, Ste. 500       Washington, DC 20005
Billings, MT 59103-2529               Telephone: 202-736-8000
Telephone: 406-252-3441               Email: psteenland@sidley.com
Email: joven@crowleyfleck.com                pwhitfield@sidley.com
        mstermitz@crowleyfleck.com
        jroth@crowleyfleck.com

*Counsel for TransCanada Keystone Pipeline, LP and TC Energy Corporation*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served today via the Court's

CM/ECF system on all counsel of record.

*/s/ Jeffery J. Oven*