IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| **Northern Plains Resource Council**, et al., <br><br> Plaintiffs, <br><br> v. <br><br> **U.S. Army Corps of Engineers**, et al., <br><br> Defendants, <br><br> and <br><br> **TransCanada Keystone Pipeline, LP**, et al., <br><br> Defendant-Intervenors. | Case No. 4:19-cv-44-BMM <br><br><br> **Federal Defendants' Response to American Gas Association, et al.'s, Motion to Intervene** |

This case involves the U.S. Army Corps of Engineers' issuance of Nationwide Permit 12, a general Clean Water Act Section 404 permit of national applicability authorizing certain minimal impacts to waters of the United States associated with the construction, maintenance,

1

repair, and removal of utility lines, including pipelines. *See* Issuance and Reissuance Nationwide Permits, 82 Fed. Reg. 1860, 1985–86 (Jan. 6, 2017); Am. Compl. ¶¶ 191–205, 218–27, ECF No. 36. As indicated in the motion to intervene, Federal Defendants do not oppose *permissive* intervention for the movant-organizations (the "Coalition"). Intervention as of right, however, would not be appropriate because Plaintiffs do not seek to vacate Nationwide Permit 12.[1] *See* Am. Compl. at 87–88 (prayer for relief).

Intervention as of right under Rule 24(a)(2) requires, among other things, that "disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest." Fed. R. Civ. P. 24(a)(2). The Coalition claims an interest in its members' future reliance on the Nationwide Permit 12. *See* Coalition's Mem. in Supp. at 18, 20–21.

---

[1] Plaintiffs also challenge the Corps' "verification" of the nationwide permit's applicability—a requirement in some situations defined by the permit—at a few of the Keystone XL pipeline's planned waterway crossings. *See* Am. Compl. 206–17, 228–36. Plaintiffs seek vacatur of those verifications. *See* Am. Compl. at 88. But the Coalition does not assert an interest in the Keystone XL pipeline or those pipeline-specific claims. *See* Coalition Mem. in Supp. 1 n.2, 14 n.34, ECF No. 49.

The Coalition, however, has not demonstrated that "disposing of the action" here could "impair or impede" its members' future reliance on the permit because Plaintiffs do not ask the Court to vacate the permit or any part of it (and appropriately so, given the permit's wide geographic scope). Instead, Plaintiffs seek declaratory relief as to the permit's legality, a remand of the permit to the Corps, and an injunction against the Keystone XL pipeline's reliance on the permit. *See* Am. Compl. at 87–88. Thus, should Plaintiffs prevail on the merits—and absent some independent Corps administrative action limiting the permit's applicability in response to a court ruling—the requested remedies, if granted, would keep the nationwide permit in place until it expires on its own terms in March 2022. In other words, the Coalition's members would still be able to prospectively rely on the permit.

Compare that with a situation where a plaintiff were seeking to vacate the permit, in whole or in part. Should that plaintiff prevail on the merits and a court vacate the permit, the Coalition's members would not be able to prospectively rely on the permit, as it would have been set aside. In that circumstance, we would agree that the Coalition would meet the requirements for intervention as of right in this case.

3

But that is not the circumstance presented by the Amended Complaint. Thus, absent some clarification from Plaintiffs that they intend to seek vacatur of the nationwide permit, intervention as of right is not appropriate.

Date: October 24, 2019

MARK STEGER SMITH
Assistant U.S. Attorney
Office of the United States Attorney
2601 Second Ave. North, Suite 3200
Billings, MT 59101
Tel: (406) 247-4667
Fax: (406) 657-6058
mark.smith3@usdoj.gov

JEAN E. WILLIAMS
Deputy Assistant Attorney General

   *Kristofor R. Swanson*
KRISTOFOR R. SWANSON
(Colo. Bar No. 39378)
Senior Attorney
Natural Resources Section
Envt. & Natural Resources Div.
U.S. Department of Justice
P.O. Box 7611
Washington, DC 20044-7611
Tel: (202) 305-0248
Fax: (202) 305-0506
kristofor.swanson@usdoj.gov

BENJAMIN J. GRILLOT

(D.C. Bar No. 982114)
Environmental Defense Section
Envt. & Natural Resources Div.
U.S. Department of Justice
P.O. Box 7611
Washington, DC 20044-7611
Tel: (202) 305-0303
Fax: (202) 305-0506
benjamin.grillot@usdoj.gov

BRIDGET KENNEDY MCNEIL
Senior Trial Attorney
Wildlife & Marine Resources Section
Envt. & Natural Resources Div.
U.S. Department of Justice
999 18th Street
South Terrace, Suite 370
Denver, CO 80202
303-844-1484
bridget.mcneil@usdoj.gov

**CERTIFICATE OF COMPLIANCE**

Pursuant to Local Civil Rule 7.1(d)(2)(B), I hereby certify that the above memorandum is 511 words, exclusive of the caption, signature block, and certificates of service and compliance.

*Kristofor R. Swanson*
Kristofor R. Swanson

## CERTIFICATE OF SERVICE

I certify that on October 24, 2019, I filed the above pleading with the Court's ECF system, which caused notice to be sent to counsel registered to use the Court's ECF system. In addition, I certify that I sent the above pleading, via email, to the following attorneys, whose petitions for pro hace vice admission remain pending:

Deidre G. Duncan
dduncan@huntonAK.com

Karma B. Brown
kbbrown@huntonAK.com

*Kristofor R. Swanson*
Kristofor R. Swanson