# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| NORTHERN PLAINS RESOURCE COUNCIL, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> U.S. ARMY CORPS OF ENGINEERS, et al., <br><br> Defendants, <br><br> TC ENERGY CORPORATION, et al., <br><br> Intervenor-Defendants. | **CV-19-44-GF-BMM** <br><br><br><br> **ORDER** |

## INTRODUCTION

Northern Plains Resource Council, Bold Alliance, Natural Resources Defense Council, Sierra Club, Center for Biological Diversity, and Friends of the Earth (collectively, "Plaintiffs"), filed their complaint in this case on July 1, 2019. (Doc. 1.) Plaintiffs named the U.S. Army Corps of Engineers ("Corps") and Lieutenant General Todd T. Semonite, in his official capacity, as defendants

1

(collectively, "Federal Defendants"). (*Id.*) TransCanada Keystone Pipeline LP and TC Energy Corporation (collectively, "TC Energy") filed a motion to intervene shortly thereafter, on July 16, 2019. The Court granted TC Energy's motion to intervene on July 23, 2019. (Doc. 20.)

Plaintiffs filed an amended complaint on September 10, 2019. (Doc. 36.) Federal Defendants filed their answer on October 1, 2019. (Doc. 39.) TC Energy field its answer on October 8, 2019. (Doc. 45.)

## DISCUSSION

**I.     The State of Montana's Motion to Intervene**

The State of Montana ("Montana") filed an "Unopposed Motion to Intervene" on October 7, 2019. (Doc. 42.) Montana's motion stated that "[t]he Plaintiffs, Defendants, and Intervenor-Defendants do not oppose this Motion." (*Id.* at 2.) The Court granted Montana's motion on October 8, 2019. (Doc. 44.) Montana filed an answer to Plaintiffs' amended complaint on October 10, 2019. (Doc. 46.)

Plaintiffs timely filed a Response to Montana's motion to intervene on October 18, 2019. (Doc. 50.) Plaintiffs assert that Montana mischaracterized the motion to intervene as "unopposed." (*Id.* at 2.) Plaintiffs state that Plaintiffs and Plaintiffs' counsel were still considering Plaintiffs' position regarding the motion on the date Montana planned to file. (*Id.*) Plaintiffs' counsel notified Montana's

counsel that Plaintiffs took no position on Montana's motion to intervene at that time, but Plaintiffs' counsel reserved the right to file a response. (Doc. 50-1 at 4.)

Plaintiffs now notify the Court that they oppose Montana's intervention as of right, but do not oppose permissive intervention. (Doc. 50 at 2.) Plaintiffs request that the Court issue an order to clarify that Montana's intervention is on a permissive basis. Plaintiffs ask additionally that the Court strictly limit Montana's participation in the case to avoid delay and prejudice to the parties. (*Id.*)

## II. NWP 12 Coalition's Motion to Intervene

Five national energy organizations, American Gas Association, American Petroleum Institute, Association of Oil Pipe Lines, Interstate Natural Gas Association of American, and National Rural Electric Cooperative Association (collectively, the "Coalition") filed a motion to intervene on October 15, 2019. (Doc. 48.) Plaintiffs oppose the Coalition's motion. TC Energy and Montana consent to the Collation's motion. Federal Defendants do not oppose the Coalition's motion for permissive intervention. (*Id.* at 2.)

## III. Intervention as of Right

A party seeking to intervene as of right pursuant to Fed. R. Civ. P. 24(a) bears the burden of establishing that: (1) the motion is timely; (2) the applicant has a "significantly protectable" interest relating to the action; (3) the applicant is so situated that the disposition of the action may, as a practical matter, impair or

impeded the applicant's ability to protect its interest; and (4) the existing parties will not adequality represent the applicant's interests. *Wilderness Soc. v. U.S. Forest Service*, 630 F.3d 1173, 1177 (9th Cir. 2011).

Courts determine adequacy of representation by examining three factors: (1) whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether a proposed intervenor would offer any necessary elements to the proceeding that the other parties would neglect. *Citizens for Balanced Use v. Montana Wilderness Ass'n*, 647 F.3d 893, 898 (9th Cir. 2011).

Neither Montana, nor the Coalition, have demonstrated that they are entitled to intervention as of right. Both submitted timely motions and articulated a "significantly protectable" interest in Nationwide Permit 12 ("NWP 12") that relates to the present action. Montana and the Coalition have failed to demonstrate at this point, however, that they are situated so that the action's disposition would impair or impede their abilities to protect their interests in NWP 12 or that the existing parties will not adequately represent their interests.

The action's disposition as currently pled by Plaintiffs proves unlikely to impair or impede Montana or the Coalition's abilities to rely on NWP 12. Plaintiffs do not ask the Court to vacate NWP 12. (*See* Doc. 36 at 87-88.) Plaintiffs seek

instead declaratory relief as to NWP 12's legality. (*Id.*) Montana and the Coalition could still prospectively rely on the permit until it expires on its own terms in March 2022, even if Plaintiffs prevail on the merits.

Further, Federal Defendants and Intervenor TC Energy are currently defending against Plaintiffs' amended complaint. Federal Defendants and TC Energy represent a wide range of governmental and private energy company interests. Montana and the Coalition have not identified a state interest sufficiently different from the Federal Defendants' interests or TC Energy's interests to merit intervention as of right. The existing parties will adequately represent Montana's and the Coalition's interests.

### IV. Permissive Intervention

A court may permit anyone to intervene who "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1). A party seeking permissive intervention pursuant to Fed. R. Civ. P. 24(b)(1) must show: (1) independent grounds for jurisdiction; (2) that the motion is timely; and (3) that the applicant's claim or defense and the main action have a question of law or fact in common. *Freedom from Religion Found., Inc. v. Geithner*, 644 F.3d 836, 843 (9th Cir. 2011). A party does not need to demonstrate that independent jurisdictional grounds exist in federal-question cases when the party seeking intervention does not raise new claims. *Id.* at 843-44.

Montana and the Coalition have satisfied factors one and two. Independent jurisdictional grounds are not required in this federal-question case where Montana and the Coalition do not raise new claims. Montana and the Coalition timely filed their motions to intervene before the parties briefed any dispositive motions.

Montana and the Coalition also have shown that their defenses share a question of law or fact in common with the main action. Plaintiffs' complaint focuses on the Corps' use of NWP 12 in its approvals of the Keystone XL Pipeline. (Doc. 36 at 87-88.) Montana asserts a significant interest in the litigation through promoting economic development and ensuring that NWP 12 remains a streamlined regulatory process. (Doc. 43 at 13-14.) The Coalition asserts similarly a significant interest in defending NWP 12's legality. (Doc. 49 at 36.)

The Court must consider finally "whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties" in exercising its discretion to allow permissive intervention. Fed. R. Civ. P. 24(b)(3). Permissive intervention appears appropriate in this case. The Court remains concerned, however, that unlimited intervention could result in undue delay and prejudice. Four separate motions could materialize from the Defendant's side in this proceeding if the Court failed to place limitations on Montana and the Coalition.

The Court will allow Montana and the Coalition to intervene permissively in this action. The Court concludes, however, that it must place limitations on

Montana's and the Coalition's intervention to avoid prejudice to the original parties. *See Stringfellow v. Concerned Neighbors in Action*, 480 U.S. 370, 380 (1987). The Court limits Montana and the Coalition to filing briefs in support of Federal Defendants' and TC Energy's motions. The Court will not permit Montana and the Coalition to file their own motions.

Montana's and the Coalition's limited intervention will not unduly delay or prejudice the adjudication of the original parties' rights. Montana's and the Coalition's participation in the action will not unduly delay the proceeding because they are not entitled to file their own motions. Montana and the Coalition are simply permitted to file briefing in support of Federal Defendants' and TC Energy's motions. That limited involvement will not prejudice the adjudication of the original parties' rights.

## ORDER

Accordingly, **IT IS ORDERED** that the Court's Order granting Montana's motion to intervene (Doc. 44) shall remain in full force and effect, subject to the limitations stated herein.

It is further **ORDERED** that the Coalition's motion to intervene (Doc. 48) is **GRANTED**, subject to the limitations stated herein.

It is also ORDERED that the Coalition must file its Answer, (Doc. 48-2) and motions for pro hac vice (Docs. 48-3 and 48-6) with the Court.

DATED this 7th day of November, 2019.

_____
Brian Morris
United States District Court Judge