William W. Mercer
Brianne McClafferty
HOLLAND & HART LLP
401 North 31st Street, Suite 1500
Billings, MT 59101
(406) 252-2166
wwmercer@hollandhart.com
bcmcclafferty@hollandhart.com

Deidre G. Duncan (D.C. Bar No. 461548) *(pro hac vice pending)*
Karma B. Brown (D.C. Bar No. 479774) *(pro hac vice pending)*
Hunton Andrews Kurth LLP
2200 Pennsylvania Avenue, NW
Washington, DC 20037-1701
Phone: (202) 955-1500
dduncan@huntonAK.com
kbbrown@huntonAK.com

*Counsel for Defendant-Intervenors American Gas Association, American Petroleum Institute, Association of Oil Pipe Lines, Interstate Natural Gas Association of America, and National Rural Electric Cooperative Association*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION**

| | |
|---|---|
| NORTHERN PLAINS RESOURCE COUNCIL, et al., <br><br> Plaintiffs, <br><br> v. <br><br> U.S. ARMY CORPS OF ENGINEERS, et al., <br><br> Defendants, <br><br> TRANSCANADA KEYSTONE PIPELINE, LP, et al., <br><br> Defendant-Intervenors. | Case No. 4:19-cv-00044-GF-BMM <br><br> **ANSWER OF DEFENDANT-INTERVENOR NWP 12 COALITION TO NORTHERN PLAINS RESOURCE COUNCIL ET AL.'S FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

Defendant-Intervenors American Gas Association, American Petroleum Institute, Association of Oil Pipe Lines, Interstate Natural Gas Association of America, and National Rural Electric Cooperative Association (the "NWP 12 Coalition" or "Coalition"), by counsel, and pursuant to Federal Rules of Civil Procedure 7, 8, and 12, hereby respond to the allegations set forth in the Northern Plains Resource Council, et al.'s, ("Plaintiffs") First Amended Complaint for Declaratory and Injunctive Relief (the "Complaint") (ECF No. 36). The NWP 12 Coalition expressly adopts the Answer of Defendants U.S. Army Corps of Engineers ("Corps") and Lieutenant General Todd T. Semonite, in his official capacity as U.S. Army Chief of Engineers and Commanding General of the Corps (collectively "Defendants") (ECF No. 39) to the allegations set forth in Plaintiffs' Complaint, except as specifically set forth below. The numbered paragraphs below correspond to the numbered paragraphs in Plaintiffs' Complaint. The NWP 12 Coalition denies any of the Complaint's allegations, express or implied, that are not otherwise expressly admitted, denied, or qualified herein.

The Coalition does not specifically respond to the section headings included in the Complaint, but to the extent those headings expressly or implicitly include substantive legal or factual allegations, the Coalition denies those allegations.

1

2. The allegations in the first, second, and third sentences of paragraph 2 purport to characterize court orders in litigation challenging U.S. Department of State ("State Department") agency action and those orders speak for themselves and are the best evidence of their contents; to the extent that the allegations are inconsistent with the court orders, they are denied. The NWP 12 Coalition lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations set forth in Paragraph 2 of the Complaint and on that basis denies those allegations. The remaining allegations in the fourth sentence purport to characterize an order by the Ninth Circuit, which speaks for itself and is the best evidence of its contents.

3. The NWP 12 Coalition lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3 of the Complaint and on that basis denies those allegations.

5. The allegations in paragraph 5 of the Complaint purport to describe Nationwide Permit 12 ("NWP 12"), the NWP 12 Decision Document, or the environmental assessment / Finding of No Significant Impact ("EA/FONSI"), which speak for themselves and are the best evidence of their content. To the extent the allegations in paragraph 5 are inconsistent with NWP 12, the NWP 12 Decision Document, or the EA/FONSI, they are denied.

6. The allegations set forth in paragraph 6 of the Complaint constitute legal conclusions, to which no response is required. To the extent a response is required, those allegations are denied.

7. The allegations set forth in paragraph 7 of the Complaint constitute legal conclusions, to which no response is required. To the extent a response is required, those allegations are denied. The allegations in the second sentence of paragraph 7 purport to characterize NWP 12, which speaks for itself and is the best evidence of its contents; to the extent that the allegations are inconsistent with the NWP 12, they are denied.

8. The allegations set forth in paragraph 8 purport to characterize NWP 12, which speaks for itself and is the best evidence of its contents; to the extent that the allegations are inconsistent with the NWP 12, they are denied.

9. The allegations set forth in paragraph 9 purport to characterize NWP 12, which speaks for itself and is the best evidence of its contents; to the extent that the allegations are inconsistent with the NWP 12, they are denied.

11. The NWP 12 Coalition lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the Complaint and on that basis denies those allegations.

12. The NWP 12 Coalition lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 of the Complaint and on that basis denies those allegations.

15. The allegations in the first sentence of paragraph 15 constitute conclusions of law, to which no response is required. To the extent a response is required, the NWP 12 Coalition denies the allegations in the first sentence of paragraph 15. The NWP 12 Coalition lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations set forth in paragraph 15 of the Complaint and on that basis denies those allegations.

16. The allegations in the first sentence of paragraph 16 are legal conclusions to which no response is required. To the extent a response is required, the NWP 12 Coalition denies any remaining allegations in the first sentence of paragraph 16. The allegations in the second sentence of paragraph 16 characterize the May 25, 2017 Montana Preconstruction Notification ("PCN"), which speaks for itself and is the best evidence of its contents; to the extent that the allegations are inconsistent with the May 25, 2017 Montana PCN, they are denied. The allegations in the third sentence of paragraph 16 characterize Local Rule 1.2(c)(3), which speaks for itself and is the best evidence of its contents; to the extent that the allegations are inconsistent with Local Rule 1.2(c)(3), they are denied.

26. The allegations in paragraph 26 constitute conclusions of law, to which no response is required. To the extent a response is required, the NWP 12 Coalition denies the allegations in paragraph 26.

27. The NWP 12 Coalition lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 27 of the Complaint and on that basis denies those allegations.

28. The allegations in paragraph 28 constitute conclusions of law, to which no response is required. To the extent a response is required, the NWP 12 Coalition denies the allegations in paragraph 28.

92. The allegations in the first sentence of paragraph 92 of the Complaint constitute conclusions of law, to which no response is required. The allegations in the second sentence of paragraph 92 of the Complaint purport to describe the EA/FONSI, which speaks for itself and is the best evidence of its content. To the extent the allegations in the second sentence of paragraph 92 are inconsistent with EA/FONSI, they are denied.

93. The allegations in the first and second sentences of paragraph 93 of the Complaint purport to describe NWP 12 or the EA/FONSI, which speak for themselves and are the best evidence of their content. To the extent the allegations in the first and second sentences of paragraph 93 are inconsistent with NWP 12 or the EA/FONSI, they are denied. The NWP 12 Coalition lacks knowledge or

information sufficient to form a belief as to the truth of the allegations set forth in the third sentence of paragraph 93 of the Complaint and on that basis denies those allegations.

106. The allegations set forth in paragraph 106 of the Complaint purport to characterize the NWPs, which speaks for themselves and are the best evidence of their contents; to the extent that the allegations are inconsistent with the NWPs, they are denied.

107. The allegations set forth in the first sentence of paragraph 107 of the Complaint purport to characterize the NWPs, which speak for themselves and are the best evidence of their contents; to the extent that the allegations are inconsistent with the NWPs, they are denied. The NWP 12 Coalition lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the second sentence of paragraph 107 of the Complaint and on that basis denies those allegations.

110-111. The NWP 12 Coalition lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 110 and 111 of the Complaint and on that basis denies those allegations.

116. The NWP 12 Coalition lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 116 of the Complaint and on that basis denies those allegations.

121. The NWP 12 Coalition lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first, third, fourth and fifth sentences of paragraph 121 of the Complaint and on that basis denies those allegations. The allegations in the second sentence of paragraph 121 characterize the State Department's 2014 analysis, which speaks for itself and is the best evidence of its contents; to the extent that the allegations are inconsistent with the State Department's 2014 analysis, they are denied.

122-125. The NWP 12 Coalition lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 122-125 of the Complaint and on that basis denies those allegations.

128-129. The NWP 12 Coalition lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 128-129 of the Complaint and on that basis denies those allegations.

130. The allegations in paragraph 130 of the Complaint purport to characterize U.S. Fish and Wildlife Service ("FWS") guidance, which speaks for itself and is the best evidence of its content; to the extent that the allegations are inconsistent with the FWS guidance, they are denied.

131-133. The NWP 12 Coalition lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 131-133 of the Complaint and on that basis denies those allegations.

135-139. The NWP 12 Coalition lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 135-139 of the Complaint and on that basis denies those allegations.

142-146. The NWP 12 Coalition lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 142-146 of the Complaint and on that basis denies those allegations.

150-156. The NWP 12 Coalition lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 150-156 of the Complaint and on that basis denies those allegations.

158-161. The NWP 12 Coalition lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 158-161 of the Complaint and on that basis denies those allegations.

164-167. The NWP 12 Coalition lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 164-167 of the Complaint and on that basis denies those allegations.

170-172. The NWP 12 Coalition lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 170-172 of the Complaint and on that basis denies those allegations.

178. The NWP 12 Coalition lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 178 of the Complaint and on that basis denies those allegations.

180. The NWP 12 Coalition lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 180 of the Complaint and on that basis denies those allegations.

187-188. The NWP 12 Coalition lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 187-188 of the Complaint and on that basis denies those allegations.

189. The allegations in the first sentence of paragraph 189 characterize the June 20, 2019 TC Energy letter, which speaks for itself and is the best evidence of its contents; to the extent that the allegations are inconsistent with the June 20, 2019 TC Energy letter, they are denied. The allegations in the second and third sentences of paragraph 189 characterize the August 2, 2019 Corps letter, which speaks for itself and is the best evidence of its contents; to the extent that the allegations are inconsistent with the August 2, 2019 Corps letter, they are denied. The allegations in the fourth sentence of paragraph 189 characterize a federal regulation, 33 C.F.R. § 330.5(d), which speaks for itself and is the best evidence of its contents; to the extent that the allegations are inconsistent with the federal regulation, they are denied. The NWP 12 Coalition lacks knowledge or

information sufficient to form a belief as to the truth of the allegations set forth in the fifth sentence of paragraph 189, and on that basis denies those allegations.

190. The NWP 12 Coalition lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 190 of the Complaint and on that basis denies those allegations.

## CLAIMS FOR RELIEF

192. The allegations in paragraph 192 of the Complaint constitute conclusions of law, to which no response is required.

193. The allegations in paragraph 193 of the Complaint purport to characterize NWP 12 or the EA/FONSI, which speak for themselves and are the best evidence of their content. To the extent the allegations in the paragraph 193 are inconsistent with NWP 12 or the EA/FONSI, they are denied.

194-197. The allegations in paragraph 194-197 constitute conclusions of law, to which no response is required.

200. The allegations in paragraph 200 characterize NWP 12, which speaks for itself and is the best evidence of its contents; to the extent that the allegations are inconsistent with NWP 12, they are denied.

203-204. The NWP 12 Coalition lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 203-204 of the Complaint and on that basis denies those allegations.

205. The allegations in paragraph 205 constitute conclusions of law, to which no response is required.

207. The NWP 12 Coalition lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of paragraph 207 of the Complaint and on that basis denies those allegations. The allegations in the second sentence of paragraph 207 characterize the Montana PCN and Memorandum for the Record which speak for themselves and are the best evidence of their contents; to the extent that the allegations are inconsistent with the Montana PCN and Memorandum for the Record, they are denied.

208. The NWP 12 Coalition lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of paragraph 208 of the Complaint and on that basis denies those allegations. The allegations in the second sentence of paragraph 208 characterize the South Dakota PCN and Memorandum for the Record which speak for themselves and are the best evidence of their contents; to the extent that the allegations are inconsistent with the South Dakota PCN and Memorandum for the Record, they are denied.

209. The NWP 12 Coalition lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 209 of the Complaint and on that basis denies those allegations.

210-214. The allegations in paragraphs 210-214 constitute conclusions of law, to which no response is required.

215. The NWP 12 Coalition lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 215 of the Complaint and on that basis denies those allegations.

216-217. The allegations in paragraphs 216-217 constitute conclusions of law, to which no response is required.

220-222. The allegations in paragraphs 220-222 constitute conclusions of law, to which no response is required.

224-227. The allegations in paragraphs 224-227 constitute conclusions of law, to which no response is required.

231-233. The allegations in paragraphs 231-233 constitute conclusions of law, to which no response is required.

235. The NWP 12 Coalition lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 235 of the Complaint and on that basis denies those allegations.

236. The allegations in paragraph 236 constitute conclusions of law, to which no response is required.

## PRAYER FOR RELIEF

The NWP 12 Coalition denies the allegations set forth in the WHEREFORE clause following paragraph 236 of the Complaint, and deny that Plaintiffs are entitled to the relief sought in their Complaint or to any relief whatsoever.

## GENERAL DENIAL

The NWP 12 Coalition denies any allegations contained in the Complaint whether express or implied, to the extent not specifically denied or admitted herein.

## AFFIRMATIVE AND OTHER DEFENSES

The NWP 12 Coalition incorporates by reference the defenses asserted by the Defendants to the claims made in Plaintiffs' First Amended Complaint. In addition:

1. Plaintiffs failed to raise each of their claims before the Corps and otherwise failed to exhaust their administrative remedies.

2. Plaintiffs' claims are barred by the equitable doctrines of estoppel and laches.

3. Plaintiffs' claims are barred by the doctrine of waiver.

4. Plaintiffs' claims are barred by the statute of limitations.

5. Any affirmative defense pleaded by other intervenor-defendants and not specifically pleaded by the NWP 12 Coalition are incorporated herein to the extent they do not conflict with the affirmative defenses expressly stated above.

6. The NWP 12 Coalition hereby gives notice that they intend to rely upon any other defenses that may become available or appear during the proceedings of this case and hereby reserve the right to amend this Answer to assert such a defense.

Date: November 8, 2019.

Respectfully submitted,

*/s/ Brianne C. McClafferty*
HOLLAND & HART LLP

*Counsel for Defendant-Intervenors American Gas Association, American Petroleum Institute, Association of Oil Pipe Lines, Interstate Natural Gas Association of America, and National Rural Electric Cooperative Association*

13691016_v1

14