Jeffery J. Oven
Mark L. Stermitz
Jeffrey M. Roth
CROWLEY FLECK PLLP
490 North 31st Street, Ste. 500
Billings, MT 59103-2529
Telephone: 406-252-3441
Email: joven@crowleyfleck.com
       mstermitz@crowleyfleck.com
       jroth@crowleyfleck.com

Peter R. Steenland
Peter C. Whitfield
SIDLEY AUSTIN LLP
1501 K Street, NW
Washington, DC 20005
Telephone: 202-736-8000
Email:  psteenland@sidley.com
        pwhitfield@sidley.com

*Counsel for TransCanada Keystone Pipeline, LP and TC Energy Corporation*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## GREAT FALLS DIVISION

| | |
|---|---|
| NORTHERN PLAINS RESOURCE COUNCIL, BOLD ALLIANCE, NATURAL RESOURCES DEFENSE COUNCIL, SIERRA CLUB, CENTER FOR BIOLOGICAL DIVERSITY, and FRIENDS OF THE EARTH,<br><br>    Plaintiffs,<br><br>vs.<br><br>UNITED STATES ARMY CORPS OF ENGINEERS and LT. GENERAL TODD T. SEMONITE (in his official capacity as U.S. Army Chief of Engineers and Commanding General of the U.S. Army Chief of Engineers),<br><br>    Defendants.<br><br>TRANSCANADA KEYSTONE PIPELINE, LP, a Delaware limited partnership, and TC ENERGY CORPORATION, a Canadian Public company, THE STATE OF MONTANA, AMERICAN GAS | CV 19-44-GF-BMM<br><br>**MOTION FOR PARTIAL SUMMARY JUDGMENT BY TRANSCANADA KEYSTONE PIPELINE, LP AND TC ENERGY CORPORATION** |

ASSOCIATION, AMERICAN PETROLEUM
INSTITUTE, ASSOCIATION OF OIL
PIPELINES, INTERSTATE NATURAL GAS
ASSOCIATION OF AMERICA, and
NATIONAL RURAL ELECTRIC
COOPERATIVE ASSOCIATION,

                 Defendant-Intervenors.

## MOTION

Defendant-Intervenors TransCanada Keystone Pipeline LP and TC Energy

Corporation (TC Energy) respectfully move for summary judgment on the first,

second, and fourth claims stated in Plaintiffs' Amended Complaint.

As set forth in the accompanying memorandum supporting this motion, the

U.S. Army Corps of Engineers (Corps) complied with the Clean Water Act

(CWA), National Environmental Policy Act (NEPA), and Endangered Species Act

(ESA) when reissuing Nationwide Permit 12 (NWP 12).  Accordingly, Plaintiffs

are not entitled to partial summary judgment on these claims, nor are they entitled

to the relief requested on page 44 of Plaintiffs' Memorandum in Support of Motion

for Summary Judgment: a "declar[ation] that NWP 12—and its specific application

to Keystone XL—violated the CWA, NPEA, and ESA;" a "remand [of] NWP 12

to the Corps for Compliance with these statutes;" or an injunction against "the use

of NWP 12 to authorize the construction of Keystone XL."

Regarding Plaintiffs' NEPA claims, the Corps reasonably confined its analysis to be consistent with its regulatory authority. Because the Corps does not regulate oil pipelines or any large utility line projects, it was not necessary for the agency to look at the potential operational impacts (e.g., oil spill risks or climate change impacts) of such projects. Such impacts are addressed by the regulatory authorities with authority over those projects. The Corps' focus under NEPA when promulgating Nationwide Permits, therefore, should be the potential construction impacts related to the deposition of dredged or fill materials into jurisdictional waters of the United States as authorized by CWA section 404(e).

The Corps' NEPA analysis regarding potential impacts of horizontal directional drilling (HDD) also complied with NEPA. The Corps acknowledged that drilling fluid releases could occur during HDD activities and imposed notification and remediation requirements to ensure such activities would not have a significant environmental impact.

The Corps also complied with its obligations under the ESA. As demonstrated by the record, the Corps reasonably concluded that the issuance of NWP 12 would not adversely affect protected species. NWP 12 does not authorize projects or activities that impact threatened or endangered species or critical habitat. Any activity that "may affect" listed species or critical habitat must be scrutinized to determine whether Section 7 consultation is necessary prior to any

work being done. Thus, the Corps' determination that NWP 12 would have no effect was reasonable, as was its decision not to undertake formal programmatic consultation.

The issuance of NWP 12 complied with the CWA because it authorizes only those activities that would have only minimal direct or cumulative environmental impacts. In promulgating NWP 12, the Corps thoroughly considered actions to minimize adverse effects and incorporated protective measures into NWP 12 so any potential adverse impacts would be controlled by the terms and conditions of NWP 12, including regional conditions.

Finally, NWP 12 has not yet been applied to Keystone XL because TC Energy has not submitted the required pre-construction notifications to the Corps, and the Corps has not verified that the activities discussed in those notifications are authorized by NWP 12. It is therefore inappropriate to declare unlawful or enjoin NWP 12 as applied to Keystone XL.

Because NWP 12 complies with NEPA, ESA and the CWA, and as discussed in greater detail in the accompanying Memorandum of Law in Support of this Motion, TC Energy's motion for partial summary judgment should be granted.

DATED this 23rd day of December, 2019,

/s/ Peter R. Steenland, Jr.
Peter R. Steenland, Jr.
Peter C. Whitfield
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C. 20005
(202) 736-8000 (telephone)
(202) 736-8711 (fax)
Email: psteenland@sidley.com
pwhitfield@sidley.com


*/s/ Jeffery Oven*
Jeffery J. Oven
Mark L. Stermitz
Jeffrey M. Roth
CROWLEY FLECK PLLP
490 North 31st Street, Ste. 500
P.O. Box 2529
Billings, MT 59103-2529
Telephone: 406-252-3441
joven@crowleyfleck.com
mstermitz@crowleyfleck.com
jroth@crowleyfleck.com

*Counsel for TransCanada
Keystone Pipeline LP and TC
Energy Corporation*

# CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served today via the Court's CM/ECF system on all counsel of record.

_/s/ Jeffery J. Oven_